Amanda M. House, Respondent, *v.* Mary L. Jackson et al., Appellants.

Where a husband is seized of a vested remainder expectant upon an estate for life, subject to be defeated by his own death prior to that of the tenant for life, and he purchases the life estate, this is such a seizin as gives the wife dower subject to be defeated, as above. The husband cannot alienate or encumber the estate to the prejudice of the wife's dower, nor is the same affected by the sale of the life estate upon execution against the husband.

(Argued April 29, 1872; decided November 12, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment entered upon the decision of the court at Special Term, determining the rights of the parties in a particular suit.

Partition is sought in this action of four lots of land in the city of Brooklyn.

One Samuel Jackson, being owner of the "Hay-scale farm," of which the lots in question were a part, on the 15th of February, 1832, conveyed that farm to John Jackson, "for and during his natural life, after his decease to his heirs and assigns forever."

On the 1st of April, 1844, John Jackson, the grantee for life, conveyed by quit-claim deed the same tract of land to his twelve children, Isaac Jackson, Charles C. Jackson, Rosetta Jackson, Fanny Jackson, Stephen C. Jackson, Coe D. Jackson, Parmenus Jackson, Richard Jackson, Edward Jackson, Mrs. Rosanna Baldwin, Mrs. Ann Baldwin and Jacob S. Jackson.

Charles C. Jackson, one of the said children, died before the year 1848, intestate and without issue, leaving the other eleven surviving.

On the 25th of April, 1848, the said John Jackson executed another deed of the same premises to the said surviving eleven children. This deed contained the usual full covenants of seizin in the grantor, for quiet enjoyment, etc.

The said surviving eleven children executed to each other partition deeds of the same lands, by one of which, dated February 13, 1849, the other ten children, with the husbands of the married daughters, conveyed several city lots, including those now in question, to the said Edward Jackson, the husband of Mary L. Jackson, the appellant. John, the ancestor of all these children, was then still living.

By virtue of an execution issued out of the Supreme Court upon a judgment against Edward Jackson, the sheriff of the county of Kings, on the 4th day of September, 1856, sold all the estate, right, title and interest of Edward Jackson in the lots in question, with many others, to Herbert T. Moore. The said sheriff executed a deed in pursuance of the above sale, to Herbert T. Moore, dated December 5, 1857, and recorded May 25, 1859: John Jackson died in March, 1861. The said Herbert T. Moore and his wife, on the 1st of August, 1862, executed a deed of the lots in question and two others, to Amanda M. House, the respondent.

At the commencement of this suit, to wit, in February, 1869, the appellants claim to have been in possession of the premises.

After the partition between the children of John Jackson, Fanny Jackson, one of the children, married Parker Baldwin, and died in June, 1859, leaving Fanning Baldwin, her son and only child, who is still living.

John Jackson died, leaving his remaining ten children surviving. Edward Jackson died in January, 1863, subsequent to his father's decease, leaving a widow and seven children, the appellants in this case.

A partition suit was commenced January 15, 1862, by Stephen C. Jackson and others, against Coe D. Jackson and others, for the partition of the Hay-scale farm, and such proceedings were had that the lots in question, with others, were set off to Edward Jackson in severalty, in fee simple. The respondent, however, was not made a party to the suit.

The court below decided that plaintiff was entitled to ten-elevenths of the premises, and that the children of Edward

Jackson were entitled to one-eleventh, subject to the dower right of Mary L. Jackson, that the latter had no rights of dower in the ten-elevenths. The nature of the estate acquired by the children of John Jackson under the deed of Samuel Jackson is settled and determined in *Moor* v. *Littell* (41 N.Y., 66).

*E. P. Wheeler* and *F. J. Fithian* for the appellants. The interest of the children of John Jackson under the deed of Samuel Jackson was a contingent, not a vested, remainder. (2 R. S., chap. 1, title 2, § 132 ; Greenleaf's Cruise, 204, § 9 Bing. on Descents, 231, 232; *Snell* v. *Eastman*, 3 Metc., 121 ; 2 Story's Eq., § 1040 ; 1 R. S., 725, § 28 ; *Carmichael* v. *Carmichael*, 4 Keyes, 346 ; *Campbell* v. *Rawdon*, 18 N. Y., 412.) A contingent remainder cannot be sold on execution. (Code, §§ 282, 289, 462 ; *Sheridan* v. *House*, 4 Keyes, 589 ; *Jackson* v. *Middleton*, 52 Barb., 9 ; *Scott* v. *Scholey*, 8 East., 467 ; *Durando* v. *Durando*, 23 N. Y., 331.) The purchaser at the sale on execution not having obtained by the sheriff's deed more than a part of what was conveyed by the partition deed, is in a corresponding position to that which a lessee for years from Edward Jackson would have occupied. ( *White* v. *Whitney*, 3 Metc., 87 ; *Norman* v. *Wells*, 17 Wend., 148 ; *Bally* v. *Wells*, 3 Wils., 25, 29 ; *Dickinson* v. *Hoonus*, 8 Grab., 406 ; *Bickford* v. *Paige*, 2 Mass., 460 ; *Withy* v. *Mumford*, 5 Cow., 141 ; 2 Preston Ab., 212.) Defendants are not estopped by the partition deed in denying title. (*Sinclair* v. *Jackson*, 8 Cow., 543, 586 ; *Jackson* v. *Middleton*, 52 Barb., 1 ; *Brewster* v. *Striker*, 2 Comst., 19.) If the estate was a vested remainder, Mary L. Jackson was entitled to dower . (2 R. S. [Edm. ed.], 691, § 1 ; 2 Black. Com., 177 ; 4 Kent Com., 99 ; *Doe* v.*Walker*, 5 B. & C., 1111 ; Wash. on Real Prop., 1208 ; *James* v. *Morey*, 2 Cow., 246.)

*D. P. Barnard* for the respondent. The life estate of John Jackson was not merged in his lifetime, in Edward's remainder. The sale of his interest in the pro-

mises before he became fully seized of an estate of inheritance defeated the claim of dower in the widow except to one-eleventh. (1 R. S., 740, § 1; 4 Kent Com., 39; *Gillis* v. *Brown*, 5 Cow., 388; *Dunham* v. *Osborn*, 5 Paige, 634; *Safford* v. *Safford*, 7 id., 259; *Bear* v. *Snyder*, 11 Wend., 592; *Beekman* v. *Hudson*, 20 id., 53; *In re Cregier*, 1 Barb. Ch. R., 498; *Green* v. *Putnam*, 1 id., [S. C.] 500; *Beardslee* v. *Beardslee*, 5 id., 324; *Weller* v. *Weller*, 28 id., 588; *Poor* v. *Horton*, 15 id., 485; *Durando* v. *Durando*, 23 N. Y., 331.)

PECKHAM, J. The statute declaratory of the common law enacts that a widow shall be endowed of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage. (1 R. S., 740, § 1.)

It is not necessary that the husband should have been seized of a fee simple absolute, to enable the wife to have dower. If he was seized of an estate in tail male, or of the heirs of his body, she shall have dower. (Lit, § 53, 40, *a*; Com. Dig., title Dower, A. 6.)

"Thus, generally, in every case where the issue which the husband may have by his wife by possibility may inherit, his wife shall be endowed." (Com. Dig., title Dower, A. 6; Park on Dow., 79; Perk., § 301; Lit., § 52.)

So, where the husband is seized of a base or conditional fee, or of a fee with a determinable quality attached to it, she has dower.

The dower will attach subject only, when the determinable quality arises from defect of title, to be defeated by the avoidance of the estate of the husband. (Park on Dow., 49; id., 37.)

So, if the husband have a defeasible estate in fee tail, his wife shall be endowed till his estate be defeated. (Com. Dig. Dower, A. 6, and cases cited.)

So, her dower terminates, if the conditional or base fee be ended, and the grantor enter for condition broken. (*Beardslee* v. *Beardslee*, 5 Barb., 324.)

"The seizin must be of an estate of inheritance, confer-

Opinion of the Court, per Peckham, J.

ring the right to the immediate freehold, as the result of one entire limitation, or several consolidated limitations." (Park, 47.)

Seizin of a vested remainder is not sufficient to give dower. So plain a point is decided in this court. (*Durando* v. *Durando,* 23 N. Y., 331.)

I see no objection to the merger of this life estate of John Jackson, the father, in the vested remainder of his son, the husband of Mary L. Jackson, under the decision of *Moore* v. *Littel.* (41 N. Y., 66.) This is a part of the same estate there adjudged. If the son should die in the lifetime of the father, I think the better opinion is that the estates divide again, and the widow is then not entitled to dower.

*Moore* v. *Littel* holds the estate of the son, prior to the death of the father, to be a vested remainder; the son was also seized in fact and in law of his father's life estate, and then became seized of · the inheritance, subject to being defeated by his own death, prior to the decease of his father. In such case I think the wife has dower, subject to being defeated by the same means. The plaintiff claims that the sale of the son's life estate upon execution cut off his title.

It is a settled rule of the common law, laid down in the elementary books, that after dower has once attached, it cannot be extinguished or suspended by any act of the husband alone, in the nature of alienage or charge. (Park, 191).

The rule is adopted in much broader language in our statute. (1 R. S., 742, § 16.)

At common law there might have been an intermediate estate for years and yet the wife had dower—as estates for years were not highly regarded at common law. But *cessit executio* during the term. (Com. Dig. Dower, A. 6; Perk., § 336.)

So, if there be a mesne remainder for life, who surrenders his estate to the tenant for life (Id.), though the surrender be upon condition, for the estate is gone until the condition be broken. (Id.)

In this case there is no intervening estate. The husband is

seized of the life estate in fact and in law, and he is also seized of a vested remainder as adjudged, subject to be defeated of the remainder by his death prior to that of his father.

This is such a seizin as prevents the alienation of the estate or its encumbrance, to the prejudice of the wife's dower. In other words, dower attaches to such an estate, subject to be defeated as above stated, and as the husband survived the father, her dower becomes absolute. The decree must be modified according to these views, with costs to her—no costs to either of the others, and the cause remitted for further proceedings.

All concur.

Judgment modified in accordance with opinion, and affirmed as modified.