(17 App. Div. 521.)

### MINOT v. MINOT et al.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

1. WILLS—PROVISION FOR AFTER-BORN CHILDREN—ADEQUACY.
    2 Rev. St. p. 65, § 49, declares that where a child born after the execution of his deceased parent's will is not provided for by any settlement, and is not provided for or mentioned in the will, he shall take the same share of the estate as if the parent had died intestate. *Held*, that the "provision" referred to in the statute is not necessarily such as the court may consider adequate for the child, nor need it be made out of property of any particular kind or in any particular locality.

2. SAME—NATURE OF PROVISION—CONTINGENT REMAINDER.
    A will giving a mere contingent remainder to a child of testator born after the will was made does not "provide" for the child, within the meaning of such statute, but the provision must constitute an estate which vests when the will takes effect.

3. SAME—WHAT LAW GOVERNS.
    An action brought in New York, where some of a testator's property was situated, to determine whether a remainder created by the will was a vested remainder, so as to constitute a provision for a child of testator born after the will was made, or whether it was a mere contingent remainder, and therefore did not constitute a provision for such child, within the meaning of the New York statute (2 Rev. St. p. 65, § 49), will be decided solely in accordance with the New York law, though testator's domicile was in another state, where he also had property, and though the courts of that state had decided that such remainder constituted a provision for the after-born child.

4. SAME—VESTED REMAINDER.
    Testator devised his estate in trust for his wife for her life, giving the remainder "to those persons who, if my death occurred at the time of her death, would then be my heirs at law by blood." *Held*, that the devise created a vested remainder, under 1 Rev. St. p. 723, § 13, providing that a remainder is vested when there is a person in being who would have an immediate right to the possession of the lands on the ceasing of the intermediate or precedent estate.

Appeal from special term, New York county.

Action by William Minot, as executor of and trustee under the will of George R. Minot, deceased, against Francis Minot, an infant, by his guardian ad litem, and Harriet J. Minot and others. There was a judgment in favor of Harriet J. Minot and others, and defendant Francis Minot appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

George Waddington, for appellant.

George C. Holt, for respondents.

RUMSEY, J.   On the 23d day of March, 1891, George R. Minot, a resident of the state of Massachusetts, and the owner of property in that state and in the state of New York as well, executed his will.   At that time Mr. Minot was married, but had no children. The appellant, Francis Minot, his only son, was born in November, 1891.   George R. Minot, the father, died on the 24th day of January, 1894, never having revoked his will or changed it in any way.   The plaintiff, who was the executor and trustee named in the will, duly qualified and assumed the duties of his office.   He brings this action for the construction of the will, and asks for the judgment of the court upon certain questions.   All these questions, however, involve but one inquiry, and that is whether the appellant, Francis Minot, who was born after the making of his father's will, was provided for in the will, so that he takes under it, or whether he succeeds to the same portion of his father's real and personal estate as he would have received had his father died intestate.   It was adjudged at the special term that the appellant was provided for by the will, and the appeal is from that judgment.

The statute upon which the rights of the appellant depend is as follows:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so afterborn, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to recover the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."   2 Rev. St. p. 65, § 49.

It will be noticed that this statute does not direct what provision for a child born after the making of a will is sufficient to require him to take under the will.   The statute simply requires that, if the child is unprovided for by a settlement, he must either be provided for in the will, or in some way mentioned therein.   It is fair to assume from these expressions of the statute that it is not necessary that any particular provision shall be made, but it is sufficient if it can be inferred from the terms of the will that the testator had in mind the possibility of the birth of such child, and made a provision in the will to which the child, when born, would be entitled.   Such provision need not be made out of property in any particular locality, nor out of any particular kind of property, nor is it necessary that the provision should be such as would be thought by the courts to be adequate.   All that is necessary is such a provision as would enable the courts to say that it was intended by the testator that that particular child should take under the will, and should not take a distributive share, as though the parent had died intestate.   If the provision is made by the giving of property in another state than this, it is sufficient, although the will should be so

construed that the child would not take property situated in the state of New York. It is alleged in the complaint in this action, and made to appear by the record, that the executor of George R. Minot's will filed his petition in the supreme court of the state of Massachusetts on the 31st of May, 1894, asking for instructions as to whether Francis Minot, the son of the testator, was entitled to anything under the will, and that the wife of the testator and the son, Francis Minot, were made parties in the proceeding and appeared therein. Such steps were taken in that proceeding that it was finally decided by the court that the provisions of the will of George R. Minot had reference to such children as might be born after the making of the will, and that Francis Minot, the only child of the testator, was provided for in the will. We have, therefore, this state of facts: Considerable property of the testator is situated in the state of Massachusetts, where he resided at the time of his death. It had been adjudged by the supreme court of that state, with reference to property situated therein, that the will contained a provision for the son of the testator. The appellant, therefore, was provided for by the will of his father, and he comes into this court with that fact appearing in the case. As he was provided for in the will, he necessarily takes under it, and does not take a distributive share, as though his father had died intestate. But all the court do not concur in this view of the case, and it becomes necessary, therefore, to examine the will of George R. Minot, with a view to ascertain whether, upon a fair construction of it in accordance with the statutes of the state of New York, it can be said that his son is not unprovided for therein.

The will, in the first place, after some bequests to the wife of the testator, gives all the rest and residue of his estate to William Minot in trust to receive the income and pay it to his wife, Agnes Minot, during her life. Then follows the clause of the will which is necessary to be construed in this action, and which is as follows:

"I give the reversion of all said residue and remainder hereinbefore given in trust for the benefit of my wife for life to those persons who, if my death occurred at the time of her death, would then be my heirs at law by blood."

It is agreed upon all hands that the necessary construction of this devise is to give to the son, Francis Minot, a remainder of some sort in the estate of his father. It is also agreed that the statute requiring that the son should be provided for by the will is not complied with if the son acquires under the will a mere contingent remainder, which may or may not take effect during his life, but is practically a possibility and nothing more, but that, to constitute a sufficient provision, it is necessary that he should have an estate vested in him, which arises at the time when the will takes effect. It is necessary, therefore, to consider and decide whether, under this will, the estate given to Francis Minot was a vested or a contingent remainder, because it is agreed that, if the estate is a vested remainder, it constitutes a sufficient provision for the son, so that he shall take under the will, and is not entitled to a distributive share of his father's estate, as though the father had died intestate. This question must be decided purely upon a consideration of the statutes of the state of New York, and we are not aided by the decision of the supreme court of Massa-

chusetts in this case (In re Minot, 164 Mass. 38, 41 N. E. 63), except so far, perhaps, as that case contains an adjudication that the clause of the will in question includes within its terms the son of the testator, which would be sufficiently evident.

A remainder is said to be vested when there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate. 1 Rev. St. p. 723, § 13. The inquiry is simply whether this gift to Francis Minot constituted a vested remainder under the provisions of that statute. It is not necessary to consider in this connection the nature or definition of a vested remainder at common law before the statute was enacted, because the statute was enacted for the express purpose of fixing the nature of a vested remainder, with a view to avoiding many of the distinctions and refinements which had been ingrafted upon this branch of the common law. All that we need to do is to inquire for the precise meaning of this definition, and apply it to the terms of the will in question. That meaning has been several times the subject of investigation and decision by the courts of this state, and there has been a substantial unanimity in all the cases, so that, in our judgment, what constitutes a vested remainder under this definition has been established by the great weight of authority. The leading case on that subject is Moore v. Littel, 41 N. Y. 66. In that case it appeared that a grant had been made to one John Jackson for and during his natural life, and after his death to his heirs and assigns forever, and the question presented was whether the children of John Jackson took under that grant an alienable estate during the life of their father. It was claimed on the part of the persons who insisted that their estate was not alienable that they took simply a contingent, and not a vested, remainder; and, on the other hand, it was claimed that their estate under the grant constituted a vested remainder, and for that reason was an alienable estate. The opinion of a majority of the court was delivered by Judge Woodruff, who examined fully the definition of a vested remainder contained in that section of the Revised Statutes quoted above, and concluded that the estate given to the heirs of John Jackson by the grant constituted in them a vested remainder. Five of the judges concurred in this opinion; three dissenting upon that point, and insisting that the remainder was contingent. The case has been the subject of considerable examination since it was decided, and it has been construed as holding that the estate created by this grant constituted a vested, and not a contingent, remainder. House v. Jackson, 50 N. Y. 161. It has been said that the rule laid down in the case of Moore v. Littel is a rule of property. Chinn v. Keith, 4 Thomp. & C. 126. As such it should be followed, and has been followed, in this state; and it is not necessary, in our judgment, to discuss it further. It may be said, however, that the same construction which was given to the statute in the case of Moore v. Littel had been adopted a long time before in the case of Coster v. Lorillard, 14 Wend. 302, although the decision of Chief Justice Savage in that case stated that the definition of the statute was not a controlling feature of the case. It remains, therefore, simply to see whether, under the definition as interpreted by the courts of this state, the

devise to Francis Minot gave him a vested remainder in the land in the state of New York. There was no uncertainty as to the fact of the determination of the precedent estate upon which the remainder to Francis Minot was founded. That estate would determine at the death of Mrs. Minot,—an event certain to take place at some time. The persons who were entitled in the remainder after the determination of the life estate in Mrs. Minot were those who, as expressed by the will, would be the heirs at law of the testator by blood if his death occurred at the time of her death. While this expression is a little complicated, its meaning, in view of all the facts, is not at all in doubt. George R. Minot died in January, 1894, and his will then took effect. At the same time those persons who were his heirs at law by blood were then ascertained. The right of each one of those persons to take the estate under the clause of the will in question then depended upon the condition of affairs at the death of Mrs. Minot, tenant for life, because her death not only put an end to the precedent estate, but it designated the person who would then be the heir at law of George R. Minot by blood; so that the identical occurrence which determined the precedent estate would also fix the person who would succeed to the fee when that occurrence took place. The statute provides that, if there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the precedent estate, then the remainder is vested. As is said by Judge Woodruff:

"It is not a person who now has a present, fixed right of future possession or enjoyment, but a person who would have an immediate right if the precedent estate were now to cease."

It is said that:

"If you can point to a human being, and say as to him, 'That man or that woman, by virtue of a grant of a remainder, would have an immediate right to the possession of certain lands if the precedent estate of another therein should now cease,' then the statute says he or she has a vested remainder."

There can be no doubt that, if Mrs. Agnes Minot had died on the very day that her husband died, her son would have had an immediate right to the possession of the estate granted by the clause of the will in question, and so to-day he is the person who answers the description of one who would have an immediate right to that estate if the precedent estate should determine at this instant. Argument could not make plainer the proposition that within that definition of the statute, as so construed, he has a vested remainder in the estate of his father after the life estate to his mother. It must be remembered that the law favors vested estates, and no remainder will be construed to be contingent which may, consistently with the intention of the testator, be deemed to be vested. 4 Kent, Comm. 203. In every case the question is whether, upon a fair construction of the instrument creating the estate, that estate can be brought within the definition of a vested remainder as contained in the statute. If it can, then the policy of the courts in all cases is to so construe it. We have been referred to but one case which in any way can be said to contain a different construction of the definition of a vested remainder than that adopted by the majority

of the court in Moore v. Littel.   That case is Hennessy v. Patterson, .85 N. Y. 91.   The remainder in question there was created in these words: "Should my said daughter Margaret die without leaving any issue, then the said property shall be left to my nephew John Foley." It was held by the court that the remainder in question in that case was a contingent, and not a vested, remainder.   This estate is precisely within the definition of a contingent remainder as given by the Revised Statutes, which is, "whenever the person to whom, on the event upon which the future estate is limited to take effect, remains uncertain."   It was certain, of course, in that case, that the daughter Margaret would die, but it was uncertain whether she would die without issue, and so long as she lived that uncertainty continued.   The event, then, upon which the remainder to Foley was limited to take effect, was, and must have been, in a legal sense, uncertain; and, while Foley was undoubtedly the person who would have an immediate right to the possession of the land upon the ceasing of the precedent estate, yet the certainty of his designation did not do away with the uncertainty of the event upon which alone his estate would fall in, and therefore the remainder to him was clearly contingent.   This is referred to by Judge Finch at page 101 of the reported case, in which he says:

"The contingency named by the testator was, should she die without issue living at her death. That was the uncertainty to which he referred, and for which he meant to provide; and the word 'then' plainly refers to the event, to the happening of that contingency, and not to the time at which Foley's right should commence."

Judge Finch in that opinion does not suggest that the case of Moore v. Littel was not properly decided.   Considerable stress has been laid upon this point, because we find that it has been suggested by a learned text writer that the case of Moore v. Littel is not decisive of the law in this state, but has been practically repudiated and disapproved.   Chapl. Suspen. § 52.   In this we do not concur. The case is authority, and has been accepted as such by the courts and profession, and it should not now be questioned.   Within the definition laid down in that case, and for the reasons stated above, we conclude that the estate to Francis Minot by the will of his father gave to him a vested remainder.   It is quite true that this remainder was subject to be devested by his death before the death of his mother, but none the less during his life is it vested in him; and the fact that it may be devested does not deprive him of the interest which is given to him by his father by the plain terms of the bequest.

For these reasons we think that, upon a construction of the clause in question under the laws of the state of New York, Francis Minot was provided for in the will; and the judgment of the court to that effect was correct, and should be affirmed, with costs to the respondent to be paid out of the estate.

PARKER, J., concurs.   WILLIAMS, J., concurs in affirmance. PATTERSON, J., concurs in result.   VAN BRUNT, P. J., concurs upon last ground.