(52 Misc. Rep. 22.)

### STACHELBERG v. STACHELBERG et al.

(Supreme Court, Special Term, New York County. November, 1906.)

DESCENT AND DISTRIBUTION—EFFECT OF WILL—PROVISION FOR OR MENTION OF
    AFTER-BORN CHILDREN.

    2 Rev. St. (1st Ed.) pt. 2, c. 6, tit. 1, art. 3, § 49, as amended by Laws 1869, p. 40, c. 22, provides that a child born after the making of his parent's will, not "provided for nor in any way mentioned in such will," shall take as if the parent died intestate. A testator gave his estate to his wife to her own use, and that of her heirs forever, and provided that in case of her death during the lifetime of the testator, leaving issue, the issue would take the estate, and, if the wife should die leaving no lawful issue, the estate should be divided in accordance with the intestate laws. The testator at the time of the execution of the will was a married man, but had no children. *Held*, that a child born after testator's death was mentioned in the will, and he was bound by it, and could not take as if the testator had died intestate.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, § 128.]

Action by Edgar J. Stachelberg, as executor of the will of Charles G. Stachelberg, deceased, against Linda S. Stachelberg, individually and as executrix of Charles G. Stachelberg, deceased, and others, for the construction of the will of Charles G. Stachelberg, deceased. Demurrer to the complaint on the ground of its insufficiency sustained.

Stern & Rushmore (Charles E. Rushmore, of counsel), for demurrer.

Seymour, Seymour & Megrath (Frederick Seymour and Maurice E. Leon, of counsel), for plaintiff.

Emanuel Blumenstiel, guardian ad litem of Charles G. Stachelberg, opposed.

GIEGERICH, J.   The action is brought for the construction of the will of Charles G. Stachelberg, deceased, and the question involved is whether such will provided for or mentioned his son, the infant defendant Charles G. Stachelberg, who was born after the death of his father, so as to bind such child by the will, or whether there was an omission of such provision or mention so that he will take as though his parent had died intestate.   The statutory provision governing the question (2 Rev. St. [1st Ed.] pt. 2, c. 6. tit. 1, art. 3, § 49, as amended by Laws 1869, p. 40, c. 22), is as follows:

"Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so after born, unprovided for by any settlement, and neither provided for nor in any way mentioned in such will, every such child shall succeed to the same portion of such parents real and personal estate as would have descended or been distributed to such child if such parent had died intestate and shall be entitled to recover the same portion from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will."

After making provisions for his mother and for the payment of his debts and funeral expenses, the testator leaves the residue of his estate to his wife, the defendant Linda Stachelberg, "to have and to hold the same and each and every part thereof to her own use and behoof and that of her heirs, executors, administrators and assigns forever." Then come the following clauses:

"Fifth. In case of the death of my said wife before me, leaving lawful issue her surviving, then upon my death the interest in my said estate which my said wife would be entitled to take if living shall belong to such issue in equal proportions.

"Sixth. In case my wife shall die leaving no lawful issue her surviving, then and in such case I direct that the principal of my said estate, reserving an investment of eighty thousand dollars as aforesaid for the benefit of my said mother, shall be divided in accordance with the provision of the laws of the state of New York controlling and governing the division of the estate of intestates."

In the disposition of the question presented I do not deem it necessary to consider whether the after-born child was "provided for" in this case, because I am of the opinion that he was "mentioned" within the meaning of the statute, and consequently it is immaterial whether he was provided for or not.   At the time the testator made the will he was married to the defendant Linda Stachelberg, but no children had yet been born of the marriage; the infant defendant, Charles G. Stachelberg, the only issue, being born after the death of his father.   The fact that the testator under such conditions made a provision for lawful issue by his wife in the event of her death before him shows that he not only contemplated the possible birth of children of the marriage,

but that he made provisions for them in the event that his wife pre-deceased him leaving such issue her surviving. It is obvious that by the word "mention" the Legislature could not have meant referred to by name, because an unborn child has no name. The words of the statute, "in any way mentioned," indicate strongly that the expression was used in the broadest possible sense and was meant to cover any form of reference that showed that the testator in making his will had in mind the possibility of after-born children. It ought not to be held that the statutory provision under consideration was intended to limit the power of the parent to do as he pleased with his property, even to the extent of disinheriting his children, whether already living or after-born, if he should see fit to do so.

The purpose of the statute is stated in the revisers' notes, appended to section 49, as follows:

"Some legislative declaration seems expedient, and while the consequences of an entire revocation are avoided by the above section, a just provision seems to be made for a probable oversight, as it is placed on condition that the child is not mentioned or referred to in the will." Appendix Rev. St. (2d. Ed.) p. 631.

This purpose is indicated again in the language of section 43, adopted at the same time with section 49, and subsequently amended by chapter 22, p. 40, Laws 1869. That section is as follows.

"If after the making of any will, disposing of the whole estate of the testator, such testator shall marry, and have issue of such marriage, born either in his lifetime or after his death, and the wife or the issue of such marriage shall be living at the death of the testator, such will shall be deemed revoked unless provision shall have been made for such issue by some settlement, or unless such issue shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and no other evidence to rebut the presumption of such revocation shall be received."

The purpose of the statute was not to restrict the power of the testator or to defeat his intention in case he made it clear that he wished to leave nothing to an after-born child. The purpose was to guard against an unintentional omission. There is nothing unnatural or even uncommon in the provisions of this will, by which, as is often the case, the property is left absolutely to the mother. Such provisions do not mean cutting the children off from ultimate participation in the father's estate, but leave the mother with untrammeled power to make such disposition as she may in time deem wisest for the welfare of the children.

In opposition to the demurrer, it is urged that the will refers only to issue born before the testator's death, and not after, and that no reference is made to issue born after his death should his wife survive him. I do not think that such a distinction is entitled to any weight. The statute above quoted refers to children "born after the making of a last will, either in the lifetime or after the death of such testator." Neither do I think that the decision made by the Appellate Division in Minot v. Minot, 17 App. Div. 521, 45 N. Y. Supp. 554, nor anything said in the opinion written in that case is in conflict with the conclusion I have reached. In that case the will provided:

"I give the reversion of all such residue and remainder hereinbefore given in trust for the benefit of my wife for life, to those persons who, if my death occurred at the time of her death, would then be my heirs at law by blood."

And the testator left a wife and a son born after the execution of the will surviving him. The court held that the child acquired a vested estate in remainder under the will, subject to being divested in the event of his death before his mother, and that the case was not one provided for by the statute under consideration. If that decision has any application to the present case, it appears to me to be in support of the demurrer, because there such reference as was made to the after-born child was not made by such a specific term as "issue," but under the much broader term "heirs at law by blood."

My conclusion, therefore, is that the entire residuary estate passed under the will to the mother, the defendant Linda S. Stachelberg, unaffected by the subsequent birth of the infant defendant, Charles G. Stachelberg. The case has been argued and submitted upon the theory that the demurrer should be sustained if the case is not one to which the statute under consideration applies, and that the question I have discussed and decided is one that is properly raised by the demurrer. That having been the apparent theory of the attorneys on all hands, I have disposed of the case on that theory.

Demurrer sustained, with costs, with leave to the plaintiff to amend upon payment of such costs within 20 days.