In the Matter of the Estate of HARRY S. BRANT, Deceased.

Surrogate's Court, Oneida County, June, 1923.

**Wills — provision for child born after making of will — insurance policy in his favor sufficient — Decedent Estate Law, § 26.**

The word " settlement," as used in section 26 of the Decedent Estate Law, means " to provide for," or " to make provision for."

A son, the only heir at law and next of kin of testator, though born some time after his father had made a will by which he devised and bequeathed his residuary estate to his wife, was not mentioned therein. *Held*, that the son having been provided for by way of insurance upon the life of his father, was not entitled to succeed to any part of his property, and the will will be admitted to probate.

APPLICATION for construction of a will.

*James H. Merwin*, for executrix.

*William A. Douglas*, special guardian for the infant, John M. Brant.

JONES, S. This is an application for the construction of the last will and testament of Harry S. Brant, who died in the city of Utica, N. Y., on or about March 16, 1923. He left a last will and testament which was dated August 3, 1909, which was filed for probate in the surrogate's office of Oneida county March 28, 1923. After direction for the payment of debts, the will contains the following provision:

" *Second*. All the rest and residue of my estate, both real and personal, wherever situate, I give, devise and bequeath unto my wife, Johncea Myers Brant, absolutely and forever."

The will also appoints the wife, Johncea Myers Brant, sole executrix.

The only heir at law and next of kin of Harry S. Brant is John

M. Brant, a son, who was born on or about December 11, 1912, some years after the execution of the will.

Section 26 of the Decedent Estate Law provides as follows: " Whenever a testator shall have a child born after the making of a last will, either in the lifetime or after the death of such testator, and shall die leaving such child, so afterborn, unprovided for by any settlement, and neither provided for, nor in any way mentioned in such will, every such child shall succeed to the same portion of such parent's real and personal estate, as would have descended or been distributed to such child, if such parent had died intestate, and shall be entitled to receive the same portion from the devisees and legatees, in proportion to and out of the parts devised and bequeathed to them by such will."

The son, John M. Brant, was " neither provided for nor in any way mentioned in such will."   Consequently the inquiry is, was he left " unprovided for by any settlement? " ·

Jessup-Redfield Practice (¶ 1203), referring to the case of *Stachelberg* v. *Stachelberg*, 124 App. Div. 232; affd., 192 N. Y. 576, says: " It appears from this case that the settlement referred to in the statute is one outside of the will and that proof is admissible before the Surrogate on the question of whether or not such settlement has in fact been made."

If the son is not provided for by such a settlement, the will is not thereby revoked, but is ineffective as to that portion of the estate which if the father had died intestate would have been distributed to the son.   *Tavshanjian* v. *Abbott*, 59 Misc. Rep. 642; affd., 130 App. Div. 863; 200 N. Y. 374; *Minot* v. *Minot*, 17 App. Div. 521.

The term "settlement" has been defined as "a disposition of property for the benefit of some person or persons usually through the medium of trustees and for the benefit of wife or husband or children or other relatives."

" The conveyance of any estate for the benefit of some person or persons."

" The conveyance of property or the creation of estates therein to make future provision for one or more beneficiaries, usually for the family of the creator of the settlement, in such manner as to secure to them different interests or to secure their expectancy in a different manner from which would be done by a mere conveyance, or by the statutes of descent and distribution."

In *Fort* v. *Gooding*, 9 Barb. 377, Judge Cady says: " The words ' to settle ' do not necessarily mean ' *to pay*.' They mean ' **to** adjust,' to ' liquidate.' "

It seems to me that the word " settlement " as used in section 26 of the Decedent Estate Law means " to provide for," or " to make provision for," and that is the interpretation I give of it.

In *McLean* v. *McLean*, 207 N. Y. 365, 373, Judge Hiscock writing the opinion of the court says: " In construing the statute we are to study it as a whole, and we are justified in interpreting one of its alternative requirements somewhat by reference to the meaning of the other.   Inasmuch as the legislature has permitted a testator to meet the possibility of after-born children by mention or provision, and inasmuch as it has been held that 'mention' may be made through a very general provision, it would be somewhat idle if not inconsistent to hold that in order to be effective as a 'provision' a bequest or devise must be vested, certain and adequate."

" If a testator fails to provide for after-born children provision may nevertheless be made outside of a will by way of settlement. It has been held that provision for a child in a will need not be adequate, nor of any particular kind."   *Minot* v. *Minot*, 17 App. Div. 521.

The statute (§ 26) says: *any settlement* which by inference would seem to indicate that an inadequate settlement would fulfill the requirements of the law and cure the defect arising in a will because of failure to make provision, or mention of after-born children.   There is nothing in the section to indicate the character of settlement necessary in order to comply with or fulfill the requirements.

It would seem that it was not the intention of the legislature to define what this settlement should be, but that any act of the testator indicating an intention to make future provision, outside of a will, for an after-born child, would fulfill the requirement, even though such provision or settlement might be inadequate.

Statutes of this character should be liberally construed.   *Hudler* v. *Golden*, 36 N. Y. 446; *Miller* v. *Maujer*, 82 App. Div. 419.

The evidence submitted by the petitioner shows that Harry S. Brant had taken out insurance upon his life and had made his son, John M. Brant, sole beneficiary in several of these policies.

The policy of insurance by Phœnix Mutual, No. 397190, for $10,000, April 4, 1921, contains the following provision:

" Special Settlement Agreement to be attached to and form a part of Policy No. 397190 on the life of HARRY S. BRANT.

" It is hereby specifically agreed by and between the parties hereto for themselves and their legal representatives, respectively, that if John Myers Brant, son of the insured, is living at the death of the insured and has not then attained the age of twenty-five years, the amount payable in settlement of any death claim

hereunder (designated herein as the amount insured) shall be held by the Company for the benefit of the said John Myers Brant until he shall attain the age of twenty-five years, or until the receipt by the Company of due proofs of death of the said John Myers Brant provided he shall die before having attained the age of twenty-five years. Any amount so held by the Company on the twenty-fifth anniversary of the birth of the said John Myers Brant shall be paid, together with any accrued interest, to him in cash, on the said anniversary provided he is then living.

" While the said amount insured is so held, the Company will pay interest thereon quarterly to the said John Myers Brant, while living, at a rate equivalent to the annual rate which may have been assumed to have been earned by the Company as shown in the declaration of dividends for that year (which rate is guaranteed to be at least the equivalent of $3\frac{1}{2}\%$ per annum), the first payment of interest being made three months after the receipt by the Company of due proofs of death of the insured.

" It is further agreed that if the said John Myers Brant shall survive the insured but shall die before attaining the age of twenty-five years, the said amount insured shall be paid, together with any accrued interest, to the executor, administrator or assignee of the insured, upon the receipt by the Company of due proofs of death of the said John Myers Brant.

" If, however, the said John Myers Brant is living at the death of the insured and has then attained the age of twenty-five years, or if the insured shall survive the said John Myers Brant, then it is agreed that the foregoing provisions of this Special Settlement Agreement shall not be operative and the said amount insured shall be paid in cash, upon the receipt by the Company of due proofs of death of the insured, to the said John Myers Brant, if he is living at the death of the insured, and if he is not then living, to the executor, administrator or assignee of the insured.

" It is further agreed that a change of the beneficiary made in accordance with the provisions of this policy shall constitute a revocation of this special settlement agreement.

" It is understood and agreed that the beneficiary under this contract shall not at any time (without the written consent of the insured in form satisfactory to the Company and filed with and accepted by the Company during the lifetime of the said insured) have the right to demand or receive, except as herein provided, the said amount insured, nor to borrow from the Company on the security thereof, nor in any wise to anticipate or alienate the benefits payable hereunder. Any person or persons in accepting or acquiring any rights hereunder shall be deemed thereby to

expressly ratify and shall thereby expressly ratify this agreement and this policy in all its parts."

Another policy for $10,000, taken out for the benefit of his said son, provides for the distribution or payment of interest in semi-annual payments or installments and provides for the payment of the principal sum, $10,000, when said son attains the age of twenty-five years. It also provides: " That in the event of the death of said son subsequent to the death of the insured and before he shall have attained the age of twenty-five years, then the amount so held together with any accrued interest due thereon shall be paid to said son's executors, administrators or assigns."

Other policies amounting to $14,000 were taken out by the said Harry S. Brant in his lifetime upon which the income or interest after his death is payable to the widow for her life and the balance is payable to the son upon the death of the widow.

All of the above-mentioned policies were in full force and effect at the time of testator's death, and provided for the payment of the principal sum of $34,000 to said son.

There is no proof tending to show that the testator left the son unprovided for by any settlement. On the contrary, it does appear that the son was not overlooked by the father, and that provision was made for him by way of insurance.

" The policy of the statute is provision for such a child who is thus unprovided for outside of the will, and neither provided for nor in any way mentioned in the will; not for such a child who may have been provided for by a settlement, and yet is not provided for or is not in any way mentioned in the will. For, of course, the parent might have made fair and just provision for the child outside of any testamentary disposition," citing *Matter of Huiell*, 6 Dem. 354. *Obecny* v. *Goetz*, 116 App. Div. 807.

I hold and decide that John M. Brant, the testator's son, was provided for by the testator by settlement, and that, therefore, he is not entitled to succeed to any part of testator's property, and a decree admitting the will to probate is ordered accordingly.

Decreed accordingly.