In the Matter of the Estate of SARAH SNOPEK, Deceased, Formerly
Known as SARAH STEUER.

Surrogate's Court, Bronx County, November 28, 1933.

*Dorothy B. Robbins* [*Nat C. Helman* of counsel], for the executor.

*Nat C. Helman*, for Rachel Gross.

*Sol D. Levy*, for the Consul General of Czechoslovakia and others.

*Barnet Levy*, for the Hebrew Organization for the Maintenance
of the Home of the Aged of Saffed and Tiberia, Palestine, Inc.

*Oscar Levine*, for the claimant.

*Seymour Mork*, special guardian.

HENDERSON, S. The husband of the testatrix objects to the
account of the executor on the ground that his claim to the entire
estate has been rejected.

The decedent died testate on October 23, 1931, leaving neither
descendant nor parent. She was survived by her husband, to
whom she was married on March 17, 1928, and by brothers and
other legatees under her will which was made on November 14,
1927. The husband was not in any way mentioned or provided for
in his wife's will, and he alleges that it was revoked as to him
under the provisions of section 35 of the Decedent Estate Law,
by the decedent's marriage to him subsequent to the date of its
execution. The net estate is less than $10,000, and if the will was

so partially revoked, he would be entitled to the entire net estate as his intestate share. (Dec. Est. Law, § 83, subd. 4.)

The executor and the special guardian for infant legatees contend that there was no revocation because the decedent made " provision " for her surviving husband by " some settlement " outside her will as evidenced by the following facts which have been proved. In December, 1928, the testatrix duly designated her husband as the substituted beneficiary of her existing life insurance policy in the sum of $5,000, and this amount was paid to him by the insurance company after her death.

The husband argues that such act by his wife was not a " settlement " within the intendment of the statute because it was not antenuptial and was occasioned by the fact that he had applied for and obtained a policy of insurance on his own life and had designated her as the beneficiary thereunder.

The law in effect at the date of the testatrix's death controls the determination of her husband's claim. The pertinent section of the Decedent Estate Law then read:

" § 35. Revocation by marriage. If after making any will, such testator marries, and the husband or wife, or any issue of such marriage, survives the testator, such will shall be deemed revoked as to them, unless provision shall have been made for them by some settlement, or they shall be provided for in the will, or in such way mentioned therein as to show an intention not to make such provision; and such surviving husband or wife, and the issue of such marriage, shall be entitled to the same rights in, and to the same share or portion of the estate of said testator as they would have been, if such will had not been made. Such husband or wife or issue of any such marriage shall be entitled to such share or portion of the estate from the devisees and legatees in proportion to and out of the parts devised and bequeathed to them by such will. No evidence to rebut such presumption of revocation shall be received, except as herein provided."

As to testators dying after the recent amendment to the statute (Laws of 1932, chap. 459), the statutory presumption of a *pro tanto* revocation of a will by the maker's subsequent marriage in the event that the testator is survived by the spouse so married, can be rebutted only by evidence of the existence of a written antenuptial agreement by which provision shall have been made for the surviving spouse. The statute, as now amended, is applicable only to wills executed prior to September 1, 1930. As to any testator, however, who has died prior to such amendment and since the earlier amendment (Laws of 1919, chap. 293, § 1), such presumption may be rebutted by evidence of any one of three facts: (1) A provision for

the surviving spouse by some settlement or act outside the will; (2) a testamentary provision for the surviving spouse made with the future change of status in the testator's mind; (3) a testator's intention not to make such provision as demonstrated solely by the manner in which the surviving spouse is mentioned in the will.

The cases cited by the husband are not in point for each deals with a testamentary provision for a surviving spouse whose marriage was subsequent to the execution of the will, and is authority, with respect to the above-quoted statute, only as to a determination of the perplexing question of intent involved under the second item of rebuttal evidence above enumerated. The characterization in these cases of such a testamentary provision as " antenuptially made " or as " an antenuptial bequest " is merely an apt method of describing a provision made in a will before the maker's marriage to the beneficiary, and does not refer to a provision made otherwise than by a will.

Two of the opinions contain *obiter dicta* to which I do not subscribe. In one there is a passing reference to automatic " revocation (in the absence of an antenuptial settlement or testamentary provision or mention)," but no reason or authority is given for the implied limitation of a provision outside the will to an antenuptial settlement. (*Matter of Bent*, 142 Misc. 811, 815.) In *Matter of Mosher* (143 Misc. 149, 158) a discussion as to whether or not the value of the testamentary gift should be considered includes a statement that " the money test is found in the first category of provisions under section 35 which refers to a marriage settlement. Status alone nullifies the presumption of revocation. (*Matter of de Coppet, supra.*) " That citation is not authority for the first sentence of the quoted extract. In discussing extrinsic evidence that may be admitted to rebut the statutory presumption by testamentary provision, the court merely states that " the making of an antenuptial agreement may of course be proven." (*Matter of de Coppet*, 142 Misc. 816, 819.) That statement is true, but it clearly does not exclude other " settlements " outside a will.

The use of the words " some settlement " itself demonstrates that the Legislature did not thereby intend to limit the act whereby provision may be made outside the will to one particular settlement, such as an antenuptial agreement. Whether or not a particular act constitutes a " settlement " may properly be determined by the court in the absence of any statutory definition; but it may not properly ascribe to the Legislature an intent which the statute itself so clearly denies was present at its enactment.

The reference in the above-quoted statute to after-born issue was removed from that section by the 1932 amendment because

similar protection for an after-born child who is " unprovided for by any settlement, and neither provided for, nor in any way mentioned in " his parent's will, is contained in another statute (Dec. Est. Law, § 26), which remains unchanged since its enactment. It has been held that the designation of an after-born child as a beneficiary under an insurance policy upon his parent's life is a sufficient provision by a " settlement " to prevent such child from taking an intestate share in his testate parent's estate. (*Matter of Brant,* 121 Misc. 102; *Matter of Froeb,* 143 id. 660.)

I recently determined upon relatively similar facts as to the dates of the will, marriage and death, that the " settlement " mentioned in the quoted statute need not be of any particular kind, and that the " provision " for the surviving spouse need not be vested, certain or adequate, but must be made for a period after the testator's death. (*Matter of Tierney,* 148 Misc. 378, 385, 386.)

I now specifically hold that a " settlement " under the intendment of section 35, in effect at the date of the testatrix's death, may be made outside the will at any time prior to the maker's death and need not antedate the will.

Therefore, and upon the reasoning set forth in my opinion in the cited proceeding, I further hold that the decedent, by changing the beneficiary of her life insurance policy so that her husband was to become the recipient of the proceeds thereof, did make " provision " for her surviving husband by " some settlement," sufficient under the statute to rebut the statutory presumption of the *pro tanto* revocation of her will. Whether or not the decedent was induced to change the beneficiary of her life insurance policy by her husband's making a similar provision for her is immaterial and does not affect the effect of her act in making provision for his welfare after her death.

The will is not revoked as to the husband and his objections are dismissed.

The special guardian's objections to the account are also dismissed.

Settle decree accordingly.