## REEVES v. HAGER.

### (*Nashville.* February 25, 1899.)

1. WILLS. *Disinheriting an after born child.*

   A married woman's will, that gives her entire estate to her husband, operates to disinherit her child born after its execution, even if § 3925, Shannon's Code, shall be held to apply to the will of a mother, a question not decided. (*Post, pp. 715–717.*)
   Code construed: § 3925 (S.); § 3033 (M. & V.); § 2193 (T. & S.).

2. SAME. *Innocent purchaser.*

   That a married woman's will gives her entire estate to her husband, to the exclusion of her infant children, is not a disposition of her property so unnatural as to put a purchaser of the property from the husband on his guard, and affect him with notice of an infirmity that would justify .the setting aside of the will and deprive him of the character of an innocent purchaser. (*Post, p. 717.*)

3. SAME. *Purchaser may rely upon probate.*

   A purchaser from a devisee, under a will that has been admitted to probate in common form, cannot be deprived of his character of innocent purchaser by reason of the unusual nature of the provisions of the will, so long as its probate is not assailed. (*Post, p. 717.*)
   Case cited and approved: Brown v. Brown, 14 Lea, 257.

4. SAME. *Collateral attack of judgment setting will aside.*

   The averment in an answer, that the probate of the will under which defendant's vendor acquired title to the property sued for had been set aside by a fraudulent and collusive contest between himself and the complainants, his children, is a collateral attack upon said proceedings that cannot be made without cross bill. (*Post, p. 717.*)
   Cases cited: Conway v. Brown, 5 Heis., 237; Griffith v. Association, 100 Tenn., 412.

Reeves *v.* Hager.

5. SAME. *Equal equities of innocent purchaser and heirs.*

The equities are equal between an innocent purchaser from a devisee under a will probated in common form and heirs of the testator, who, subsequently and before attaining their majority, contest and set aside the will. In such case the purchaser must support his equity with a legal title or better right. (*Post, pp. 717, 718.*)

Cases cited: High *v.* Batte, 10 Yer., 334; Smitheal *v.* Gray, 1 Hum., 491.

6. SAME. *Superiority of purchaser's title over heir's rights.*

The purchaser who, in good faith, takes an absolute deed from a devisee and pays full price for the property, in ignorance of any infirmity in the will or of other defect of title, obtains a title superior to any right or claim of an infant heir, who, subsequently and before attaining his majority, enters a contest and has the probate in common form set aside and the will annulled. (*Post, pp. 718–722.*)

7. SAME. *Effect of probate in common form.*

The probate of a will is a proceeding *in rem*, and operates upon the subject-matter. Probate, even in common form, so long as it remains in force, binds all parties, whether adults or minors, and is conclusive of testamentary character of instrument, testamentary capacity of testator, due execution of the will, and as to all questions of fraud, imposition, and undue influence affecting the work. (*Post, pp. 718–720.*)

Cases cited: Williams, *ex parte*, 1 Lea, 529; Brown *v.* Brown, 14 Lea, 257; Rogers *v.* Winton, 2 Hum., 178; Franklin v. Franklin, 91 Tenn., 129; Trafford *v.* Young, 3 Tenn. Ch., 501.

---

FROM TROUSDALE.

---

Appeal from Chancery Court of Trousdale County. J. S. GRIBBLE, Ch.

E. T. SEAY and W. C. DISMUKES and S. F. WILSON for Reeves.

Reeves *v.* Hager.

J. J. TURNER, JOHN S. MCMURRY, W. B. HALE, J. T. MILLER for Hager.

WILKES, J.    The bill in this case is filed to assert the right of complainants to a certain parcel of land in Hartsville, now in possession of and claimed by defendant.    The only defense insisted on in this Court is that the defendant is an innocent purchaser. He was so held by the Chancellor and the Court of Chancery Appeals, and the appeal to this Court is by the complainants, who are the only heirs at law of Mrs. Martha Reeves, and claim by descent from her.    The defendant claims as innocent purchaser from A. S. Reeves, Sr., the husband of Mrs. Martha Reeves, who held under a will of his former wife. Mrs. Reeves died in November, 1879, the owner of the real estate in question.    After her death a will purporting to have been executed by her April 1, 1878, was probated in common form in the County Court of Trousdale County.    By this will she devised all her property, including the real estate in controversy, to her husband, A. S. Reeves, Sr., the father of complainant.    At the time of her death she left two children, W. Hart Reeves, aged about four years, and A. S. Reeves, Jr., aged about four weeks.    After her death and the probate of the will, her surviving husband, A. S. Reeves, Sr., assuming to be the owner in fee under her will of her real estate, sold the parcel in controversy to defendant, Hager, in 1885.    In 1893, while the children were both minors, they instituted proper proceedings to

set aside the will of their mother, on the ground that it had been procured by fraud and undue influence, and that the wife and mother was of unsound mind. After a fierce contest the will was set aside, and, on appeal to this Court, the decree setting it aside was affirmed.

The bill in this case was then filed to assert the rights of the children to the land, the older having reached majority, filing it in his own right and as next friend for his minor brother. It is not contended that the defendant, when he purchased, had any reason to question the title which he was acquiring, and it is conceded he believed that the husband, A. S. Reeves, Sr., had and could make a good title under the will of his wife, then of record.

The question presented and argued with much force in this Court is whether, under these facts, the defendant can be held to be an innocent purchaser, and entitled to hold the land against the heir as the true owner after the probate of the will is set aside. As preliminary, or collateral, to the main question, it is insisted that A. S. Reeves, Jr., having been born after the making of the will by the mother, and not being by it expressly disinherited, was only pretermitted in the will, and took a share in the testator's estate to the same extent as if she had died intestate, and this share did not, therefore, pass to the husband, and could not pass to his assignee. The statute (Shannon, § 3925), provides: "A child born after the making of a will,

either before or after the death of the testator, not
provided for nor disinherited, but only pretermitted
in such will and not provided for by settlement
made by the testator in his lifetime, shall succeed
to the same portion of the testator's estate as if he
had died intestate.''

We are of opinion that the testatrix intended by
the provisions of her will to disinherit her children,
whether born or unborn, in favor of her husband,
if he survived her, and to provide for all equally
if she survived him. There need not be an express
clause of disinheritance to bring the .case without
the operation of the statute, but it may result as
an unavoidable inference. The will provided that
the property should go to the husband if he sur-
vived his wife; otherwise, to her bodily heirs. This
necessarily means that, if the husband survives, he
was to take the entire estate to the exclusion of the
child or children; if he did not, the children, born
or unborn, were to take. In the event the hus-
band took, the child was not pretermitted, but both
those born and those unborn were excluded. The
Act of 1823, Ch. 28, from which this section is
derived, related expressly to after-born children of a
father alone and not to those of a mother; and the
language of the statute, as now found in the Code,
necessarily bears the same limitation and construc-
tion, as it uses the language ''a child born after the
making of a will, either before or after the death
of the testator,'' and it could not be supposed that

a child could be born after the death of the mother. It is questionable, therefore, whether the after-born child of a mother is embraced by the terms of the statute at all.

It is said that the will upon its face is suspicious and its provisions enough to put purchasers on their guard. We are unable to take this view of the case. Upon its face the provisions of the will are entirely natural, and, even if they were not, it would have been immaterial so long as the probate was not attacked. *Brown* v. *Brown,* 14 Lea, 257.

It is insisted for defendants that the proceedings to set aside the probate of the will of Mrs. Reeves were collusive between the father and children, and that in fact the will was a good one and should never have been set aside. We think this contention can avail the defendants nothing, as it is simply set up in their answer, and not by cross bill, and, at most, can only be treated as a collateral attack upon these proceedings, and defendants can receive no benefit therefrom. *Conway* v. *Brown,* 5 Heis., 237; *Griffith* v. *Association,* 16 Pickle, 412.

The real question in the case is, whether the will of Mrs. Reeves, admitted to probate in common form and remaining unattacked from 1879 to 1893, will support a plea of innocent purchaser in favor of a party who bought, in 1885, from the devisee under such will. The defendant, as purchaser, it is conceded, paid full value, took an absolute convey-

ance, and believed he was getting a good title, and knew, of no facts invalidating the will. On the other hand, the complainants were all the while minors, and, before they reached their majority, set the will aside, as a nullity, by formal proceeding. The equities of the parties appear thus to be equal, and the purchaser in such case must support his equity with a legal title or better right. *High* v. *Batte,* 10 Yer., 334; *Smitheal* v. *Gray,* 1 Hum., 491.

The question presented is, Did the defendant, Hager, under the facts stated and the law applicable thereto, acquire such a title to the property, by the conveyance from the husband, as would defeat the title of the heirs? A probate of a will is a proceeding *in rem,* and operates upon the subject-matter in controversy, and, though in common form, is binding upon all parties, whether adults or minors, until the probate is set aside by a proper proceeding and in a proper manner. Under the rulings of our Court, whatever may be the rule in other jurisdictions, in the absence of fraud or collusion, a probate in common form is conclusive until annulled, both as to the capacity of the testator and as to the testamentary character of the instrument and its due execution, and not even a court of chancery can inquire into these features, even though fraud and undue influence in procuring the will is alleged. Pritchard on Wills, Sces. 44, 380, and authorities there collated.

The case of *Williams, ex parte*, 1 Lea, 529, illustrates forcibly the extent to which the doctrine is carried. In that case there was a will by a minor under sixteen, and it was held void for want of testamentary capacity. Still, while holding the will void for want of power to make it, the Court nevertheless held it valid as long as the probate remained in force, and the probate was held conclusive of capacity as well as of due execution.

The case of *Brown* v. *Brown*, 14 Lea, 257, holds that the probate of a will of personalty is conclusive (if the Court had jurisdiction) not only of its testamentary character, but of the capacity of the testator, and as to all questions of fraud, imposition, and undue influence, until set aside in the mode prescribed by law, and the judgment of probate, like other judgments, would protect the purchasers of property under it, notwithstanding a subsequent reversal, unless the title can be impeached for fraud. The title is valid by virtue of the probate, and therefore not void, but voidable. It is true this case only relates to wills of personalty, and the case of *Williams, ex parte*, only relates to the title of the devisee while the probate is in force, but they settle the principle involved in this case.

To the same effect is the case of *Foulke* v. *Zimmerman*, 14 Wall., 113, and the case of *State* v. *Renn*, 50 Tex., 467, in which latter case the will was a forgery, and was so declared and set aside, and yet the Court held the party who bought from

the devisee entitled to protection as an innocent purchaser. As bearing upon this question we refer also to the cases of *Rogers* v. *Winton*, 2 Hum., 178; *Trafford* v. *Young*, 3 Tenn. Chy., 501; *Franklin* v. *Franklin*, 7 Pickle, 129.

The case of *Thompson* v. *Samson*, 64 Cal., 330, is directly in point. In that case it was held that when the probate of a will had been annulled by the heir subsequent to an entry of decree for distribution, the heir may pursue the property in the hands of the legatee, but not into the hands of an innocent purchaser in good faith, and for value, from the distributee, prior to the revocation, and at a time when the proceedings were valid and binding.

The statutes of California and the holdings of the Court thereunder are very similar to the law as laid down in Tennessee, except that under our rulings a probate in common form does not require notice to the heirs or distributee, but is binding without notice, and whether they are adults or minors, until set aside by proper proceedings. In our State there is no express limitation of time within which a contest may be made of a will, even though it may have been probated in common form; so that a holding different from this would make it practically impossible to make an indefeasible title to property devised, inasmuch as the will may be at any time set aside and titles acquired thereunder may be questioned. Not only the title of the legatee or devisee would remain indefinitely defeasible, but so

would that of the executor and of a purchaser, although he may have bought in good faith and paid full values. We are cited to the case of *Fallen* v. *Chidester*, 46 Iowa, 588 (S. C., 26 Am., Rep., 164), as holding a contrary doctrine. This is true, but the decision in that case turns upon the provisions of the statutes of Iowa then in force, which gave to the probate of a will no further effect than to establish its execution and render it admissible in evidence in the courts, and nothing more. Such probate in Iowa did not establish the testamentary character of the instrument, and hence did not give validity to a title based upon it. We have also examined the case of *Hughes* v. *Burris*, 85 Mo., 660, which is directly in point, in favor of the contention of the complainant. It will be seen, however, that this case also rests upon the provisions of the statutes of Missouri, which do not make the action of the Probate Court final and binding on the parties interested while it is in force, etc., and especially as to persons under disability, until five years after probate in case of adults, and the same time after the disabilities are removed of others affected.

We are of opinion, therefore, that under the deed of A. S. Reeves, Sr., the defendant, Hager, can claim as an innocent purchaser, and is entitled to be protected as such, even though the complainants were minors when the will was probated in common

17 P—46

Reeves *v.* Hager.

form, the defendant having bought in good faith, having paid full price, and in ignorance of any defect in title or irregularity in the will. The decree of the Court of Chancery Appeals is, therefore, affirmed.