In the Matter of the Estate of JOSEPHINE M. DONALDSON, Deceased.

Surrogate's Court, Bronx County, January 12, 1938.

*O. H. Droege*, for Will Donaldson, as executor, etc., petitioner.

*Ira H. Ruben*, special guardian.

HENDERSON, J. The decedent made her last will on March 14, 1930. She died on December 27, 1933, and her will has been duly admitted to probate in this court. The testatrix was survived by her husband and their son, who was born after she made her will.

After a gift of her entire estate to her husband, the will provides for alternative distributions in the event that he predeceased her, as follows:

"*Fourth.* If my husband should die before me, then I give, devise and bequeath all my property unto my issue me surviving, share and share alike, *per stirpes* and not *per capita*.

"*Fifth.* In the event that I should die leaving no husband and no issue me surviving, then I direct that all the rest, residue and remainder of my estate shall be divided into seven equal parts."

Bequests of these seven parts to various individuals are made in succeeding paragraphs of the will.

The after-born child was unprovided for by any settlement, and if he is neither provided for nor in any way mentioned in the above-quoted paragraphs of the will he is entitled to two-thirds of the net estate. (Dec. Est. Law, § 26.)

It has frequently been said that no will has a brother. The above-quoted paragraphs, however, are akin to the pertinent language of the will under discussion in *Holbrook* v. *Holbrook* (193 App. Div. 286; affd., 230 N. Y. 600.) There it was held that mention of a posthumous daughter, sufficient to bar her from the benefits of the above-cited statute, was made in her father's will by a similar alternative provision for his " lawful issue " conditioned upon the death of his wife prior to his death and by similar provisions for alternative gifts to others if his wife predeceased him and he " should not leave any lawful issue me surviving."

In the will before me the testatrix clearly expressed her intention to bar all her children, whenever born, from participation in her estate if her husband survived her, and in the event of his death before her to give her residuary estate to her surviving issue, including such children, *per stirpes.*

The after-born son is mentioned in his mother's will as provided by the statute and he is not entitled to any share or interest in her estate. (See *Matter of Dooling*, 158 Misc. 333, and cases cited therein.)

The special guardian's request for time to file objections which he specifies in his report is proper. It must be denied, however, because his ward is not interested in the estate and may not object to the account.

Settle decree.