# NO. 12-09-00277-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BETH CARROLL BAILEY,* *INDEPENDENT EXECUTRIX* *OF THE ESTATE OF KEVIN* *RAY BAILEY, DECEASED,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *LISA KAY WARREN, GUARDIAN* *OF THE ESTATE OF CHRISTIAN* *MATTHEW WARREN, A MINOR,* *AND KEITH LEE BAILEY* *HODGES, INTERVENOR,* *APPELLEES* | § | *HENDERSON COUNTY, TEXAS* |

## *OPINION*

This is a will case. The testator's will left everything to his wife if she survived him. Otherwise, his property was to go to his heirs at law. The testator's only two children, Keith Lee Bailey Hodges and Christian Matthew Warren, were nonmarital children. They claim to be pretermitted children and therefore entitled to an intestate share of their father's estate. In the trial court, both sides moved for summary judgment. The trial court granted summary judgment for the children, virtually revoking the testator's will. We reverse and render.

## BACKGROUND

Appellee Keith Hodges ("Hodges") was born to Barbara Hodges on August 9, 1984. Barbara Hodges was unmarried. After Hodges's birth, Kevin Ray Bailey, the decedent, married Beth Carroll Bailey ("Beth"). On or about April 27, 1993, Kevin Ray Bailey underwent a genetic blood test that indicated a 99.9% likelihood that Hodges was his son.

1

On July 29, 1996, Kevin Ray Bailey executed his will. The will left his entire estate to his wife, Beth Carroll Bailey, if she survived him. If she did not survive him, then he directed that all of his property "shall go and be distributed to my heirs-at-law."

Shortly after the execution of the will, Hodges's mother filed suit seeking child support and submitting the results of the 1993 DNA test to establish that Kevin Ray Bailey was Hodges's father. In 1997, the 173rd Judicial District Court of Henderson County rendered an order establishing a parent-child relationship, declaring Hodges to be the son of Kevin Ray Bailey, ordering the payment of back child support, and changing Hodges's name to Keith Lee Bailey Hodges.

Although he remained married to Beth Carroll Bailey, Kevin Ray Bailey spent 2002 living in Louisiana with Lisa Kay Warren. On July 15, 2003, Lisa Kay Warren gave birth to Christian Matthew Warren.

On November 19, 2006, Kevin Ray Bailey died in Dallas, Texas. On January 22, 2007, his will was admitted to probate and, as directed in the will, the court appointed Appellant Beth Carroll Bailey independent executrix of his estate.

On February 12, 2007, Appellee Lisa Kay Warren ("Warren"), as temporary guardian of the estate of her minor son, Christian Matthew Warren ("Christian"), filed suit in the Henderson County Court at Law contesting the distribution of the decedent's property. On February 21, 2007, Warren was appointed permanent guardian of her son's estate. On July 11, 2008, the 307th Judicial District Court of Gregg County issued its order adjudicating parentage, declaring Christian to be the child of Kevin Ray Bailey.

On August 20, 2008, Warren filed a motion for summary judgment requesting a declaratory judgment that Christian is a pretermitted child of the decedent and therefore entitled to take under the law of intestate succession one-half of the decedent's estate, and one-third of the decedent's separate property, subject to the life estate of the surviving spouse, Beth Carroll Bailey.

On February 2, 2009, Hodges filed a motion for summary judgment requesting the trial court to find that he is also entitled to a share in the decedent's estate as a pretermitted child.

Appellant, Beth Carroll Bailey, moved for summary judgment requesting the trial court to find that Hodges was not a pretermitted child. She also requested the court to find that, although Christian is the pretermitted child of the decedent under section 67 of the Probate Code, he is not

2

entitled to an intestate share in the decedent's estate. Hodges and Warren each filed a motion for summary judgment urging, respectively, that Hodges and Christian are pretermitted children.

On August 6, 2009, the trial court entered judgment granting the summary judgment motions of Hodges and Warren, and denying Bailey's motion for summary judgment. The judgment decreed that Hodges and Christian each take one-half of the decedent's one-half of the community estate, and one-third of the decedent's separate property subject to the life estate of the decedent's spouse, Beth Carroll Bailey.

## ISSUE AND STANDARD OF REVIEW

The decisive question presented is whether the will's contingent gift to "my heirs-at-law" is a provision for the testator's children preventing the application of the Texas pretermission statute.

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt.*, 690 S.W.2d 546, 548 (Tex. 1985). Where both parties move for summary judgment, the court should review both motions, determine the questions presented, and render the judgment the trial court should have rendered. *Dow Chem. Co. v. Bright*, 89 S.W.3d 602, 605 (Tex. 2002). "Absent ambiguity, the construction of a will is a question of law," which we review de novo. *See Armstrong v. Hixon*, 206 S.W.3d 175, 180 (Tex. App.–Corpus Christi 2006, pet. denied). Statutory construction is also a legal question reviewed de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

## THE TEXAS PRETERMITTED CHILD STATUTE

The Texas Probate Code defines a "pretermitted child" as "a child of the testator who, during the lifetime of the testator, or after his death, is born or adopted after the execution of the will by the testator." TEX. PROB. CODE ANN. § 67(c) (Vernon Supp. 2009). This includes a nonmarital child born after the testator executed his will. *See Estate of Gorski v. Welch*, 993 S.W.2d 298, 304 (Tex. App.–San Antonio 1985, pet. denied). To obtain protection under the statute, a pretermitted child must not be "mentioned in the testator's will, provided for in the testator's will, or otherwise provided for by the testator." TEX. PROB. CODE ANN. § 67(a) (Vernon Supp. 2009).

3

Section 67(a) governs the case if the testator had one or more living children when he executed his last will. TEX. PROB. CODE ANN. § 67(a)(1). The pretermitted child's treatment varies depending on whether the will makes provision for one or more of the children born before the will was made. If the will contains no provision for such children,

> … a pretermitted child succeeds to the portion of the testator's separate and community estate to which the pretermitted child would have been entitled pursuant to Section 38(a) of this code had the testator died intestate without a surviving spouse owning only that portion of his estate not devised or bequeathed to the parent of the pretermitted child.

TEX. PROB. CODE ANN. § 67(a)(1)(A). However, if provision, vested or contingent, is made in the will for one or more of the children born before the will's execution, the pretermitted child shares in the testator's estate as follows:

> (i)    The portion of the testator's estate to which the pretermitted child is entitled is limited to the disposition made to children under the will.
> (ii)    The pretermitted child shall receive such share of the testator's estate, as limited in Subparagraph (i), as he would have received had the testator included all pretermitted children with the children upon whom benefits were conferred under the will, and given an equal share of such benefits to each such child.
> (iii)    To the extent that it is feasible, the interest of the pretermitted child in the testator's estate shall be of the same character, whether an equitable or legal life estate or in fee, as the interest that the testator conferred upon his children under the will.

TEX. PROB. CODE ANN. § 67(a)(1)(B).

Section 67(a)(2) governs the situation if the testator had no living children when he executed the will.

> (2) If the testator has no child living when he executes his last will, the pretermitted child succeeds to the portion of the testator's separate and community estate to which the pretermitted child would have been entitled pursuant to Section 38(a) of this code had the testator died intestate without a surviving spouse owning only that portion of his estate not devised or bequeathed to the parent of the pretermitted child.

TEX. PROB. CODE ANN. § 67(a)(2).

"The object of the pretermission statute is to guard against testamentary thoughtlessness; it is not a limitation on a testator's power to dispose of his estate." *In re Estate of Ayala*, 702 S.W.2d 708, 711 (Tex. App.–San Antonio 1985, no writ). For the statute to apply, it must "appear from the will[,] interpreted in the light of all the circumstances[,] that the failure to

provide for the child or descendant was accidental, due to inadvertence or oversight." ***Pearce v. Pearce***, 104 Tex. 73, 82, 134 S.W. 210, 214 (1911).

If the pretermitted child is provided for in the will, the value of that provision is of no consequence to the court. "The gift of a nominal sum, a contingent interest, or a future interest, however slight, will be sufficient to avoid the application of the statute." 10 ALOYSIUS A. LEOPOLD & GERRY W. BEYER, TEXAS PRACTICE:  TEXAS LAW OF WILLS § 34.16 (2d ed. 1992).

### IS KEITH HODGES A PRETERMITTED CHILD OF KEVIN RAY BAILEY?

A pretermitted child is one who is born or adopted after the testator's execution of the will.  TEX. PROB. CODE ANN. § 67(c).  Hodges was born in 1984, twelve years before Kevin Ray Bailey executed his will in 1996.  It is also undisputed that Hodges is the biological child of Kevin Ray Bailey, and that Hodges was never formally adopted by him.

Hodges argues that the definition of "child" in the probate code "does not include a child with no presumed father." *See* TEX. PROB. CODE ANN. § 3(b) (Vernon Supp. 2009).  As a nonmarital child, Hodges had no presumed father.  *See* TEX. FAM. CODE ANN. § 160.204 (Vernon 2008).  However, probate code section 42(b) provides a list of exclusive methods for a nonmarital child to establish paternity for inheritance purposes.  ***Id***. § 42(b)(1) (Vernon 2003). One such method is for the child to be adjudicated the child of the father by court decree as provided by Chapter 160, Family Code . . . ."  ***Id***.  Hodges argues that he was not a "child" of Kevin Ray Bailey or "born," as that term is used in the probate code section 3(b) definition, until he was adjudicated to be so by court order in 1997.  Since Bailey executed his will the year before in 1996, Hodges maintains that he is a pretermitted child, one "constructively born" after the execution of the will.  Since Hodges was not a "child" or "born" when Kevin Ray Bailey made his will, he argues, he "was not a 'child' and thus not an 'heir' . . . ."  Therefore, in Hodges's view, Bailey's direction that his estate go to his "heirs at law" was not a provision for either Hodges or Christian.

Hodges cites no authority for his argument that he was not "born" for the purposes of the pretermitted heir statute until he was adjudicated a child in 1997, one year after Bailey made his will.

The supreme court has addressed a will case involving a child born without a presumed father.  *See* ***Garza v. Cavazos***, 148 Tex. 138, 141, 221 S.W.2d 549, 551 (1949).  In ***Garza***, the

court held that, if the father married the mother and recognized the child, a nonmarital child is treated as having been a living child of the testator from the time of the child's birth. *Id*., 148 Tex. at 144-45, 221 S.W.2d at 553. Commenting favorably on the *Garza* decision, Leopold and Beyer in their treatise on the law of wills stated that the supreme court view was "reasonable." LEOPOLD & BEYER, *supra* § 34.19, at 44-45.

> Otherwise a child actually born before the making of the will but legitimated after the will was executed would be treated as an after-born child, with the result that a "constructive birth" would have the effect of partially revoking the will under § 67 if no children presumed the testator's were in existence at the time of the will. Such authority as exists from other states is opposed to this result.

*Id*.

Based upon the holding in *Garza*, we reject the proposition urged by Hodges that, for purposes of the pretermission statute, he was not "born" until he was adjudicated Bailey's child in 1997. Once adjudicated to be Bailey's child, he is to be treated as having been Bailey's living child from the date of his actual birth. Hodges is not a pretermitted child.

### IS THE PRETERMITTED CHILD, CHRISTIAN WARREN, PROVIDED FOR IN KEVIN RAY BAILEY'S WILL?

It is undisputed that Christian is a pretermitted child. *See* TEX. PROB. CODE ANN. § 67(c). When a testator has one or more children living when he executes his last will, a pretermitted child's intestate share is limited to the disposition made to those children under the will. TEX. PROB. CODE ANN. § 67(a)(1)(B)(i). This rule applies only if provision is made "therein" for one or more of the living children. *Id*. § 67(a)(1)(B).

**Nature of Provision Required for Child or Children**

Formerly, section 67(a)(1)(B) read that "[p]rovision is made therein for one or more of such children. . . ." Act of May 28, 1993, 73rd Leg., R.S., ch. 846, § 8, 1993 Tex. Gen. Laws 3337, 3341. In 2003, section 67(a)(1)(B) was amended to read "[p]rovision, *whether vested or contingent*, is made therein for one or more of such children. . . ." Act of June 20, 2003, 78th Leg., R.S., ch. 1060, § 10, 2003 Tex. Gen. Laws 3052, 3055 (emphasis added).

Warren argues that, prior to the amendment, any provision for the living child was required to be vested if it was to limit a pretermitted child's intestate share to the provision made

6

for children living when the will was executed. Bailey executed his will in 1996. Warren insists that under the statute as it then existed, a contingent provision for a child living when the will was executed amounted to no provision. In her view, section 67(a)(1)(A) applies, and Christian's intestate share is not limited to the provision made for such a child. Therefore, Warren strenuously argues that Christian's intestate share is not so limited even if Hodges is not a pretermitted child.

We disagree. Under the prior law, we believe that the provision in question could be either vested or contingent. The Summary of Enactments of the 78th Legislature, published by the Texas Legislative Council, explained that "[t]he bill clarifies, as it pertains to the entitlement of a pretermitted child, that when a pretermitted child is not mentioned in a testator's will and the testator has one or more children living when the last will is executed, a provision relating to a living child can be vested or contingent." Texas Legislative Council, *Summary of Enactments 78th Legislature* 306 (2003). It seems clear the amendment was intended as a clarification, not as a change in the law. *See also* STANLEY M. JOHANSON, TEXAS PROBATE CODE ANNOTATED § 67, annotation (2009).

Moreover, the act provides that it "applies only to the estate of a person who dies on or after the effective date of this Act." Act of June 20, 2003, 78th Leg., R.S., ch. 1060, § 18(b), 2003 Tex. Gen. Laws 3052, 3057. The amendment was effective September 1, 2003, and Bailey died on November 19, 2006. Therefore, the current version of section 67 applies in this case, and a contingent disposition satisfies the section 67(a)(1)(B) requirement of "provision" for the children living at the time the testator executed his will.

## Class Gifts

A class gift in the law of wills is one to several persons answering the same description and having the same relationship to the testator or to one another so that one word describes them all. *Wilkes v. Wilkes*, 488 S.W.2d 398, 403 (Tex. 1972). The bequest or devise must be an aggregate sum to a body of persons uncertain in number when the will is executed. *Id.* Their number is uncertain because the number of persons who are to take the property is to be ascertained at a future time from the execution of the will, generally at the death of the testator. *Sanderson v. First Nat'l Bank in Dallas*, 446 S.W.2d 720, 724 (Tex. App.–Dallas 1969, writ ref'd n.r.e.). A testamentary gift to a class that necessarily includes the pretermitted child is in

most jurisdictions considered a provision effectively avoiding the application of the pretermission statute.

A case decided by the Texas Supreme Court bears most closely on the issue. *See **Pearce v. Pearce***, 104 Tex. 73, 134 S.W. 210 (1911). Mrs. Pearce's will gave most of her property to her husband. However, in Item 4 of her will, she gave a one-fourth interest in three Austin lots to her mother. If her mother predeceased her, the lots went to the testatrix's two sisters. Then, she provided "[t]his section is to be null and void in case of *living issue born of my body*." *See id*., 104 Tex. at 75, 134 S.W. at 210-11 (emphasis added). Two months later she gave birth to a daughter. The testatrix died six days later.

Some time later, the daughter claimed that as a pretermitted child she was entitled to an intestate share of her mother's estate. *Id*., 104 Tex. at 76, 134 S.W. at 211. The issue presented was whether the phrase "this section to be null and void in case of living issue born of my body" constituted a mention of or provision for the pretermitted child claimant. The court stated "there can be no doubt that, as the law meant that term to be understood, she [the pretermitted claimant] was mentioned in the will." *Id*. Having thus decided the inapplicability of the Texas pretermission statute, the court saw no necessity in further determining whether the section also constituted a provision for her. *Id*.

There are numerous cases from other jurisdictions with similar statutes holding that the mention of or provision for such classes as heirs, bodily heirs, heirs at law, descendants, or issue is sufficient to prevent a pretermitted child included in the class from taking under the pretermission statute. The North Carolina Supreme Court held a testator's direction that all his remaining property should be distributed among "my next of kin and heirs at law as if I had died intestate" was a provision for the testator's posthumous child preventing him from taking an intestate share under the North Carolina statute. ***Sheppard v. Kennedy***, 242 N.C. 529, 88 S.E.2d 760, 761 (1955). A reversion of trust property to "those persons who, if my death occurred at the time of her [the spouse's] death, would then be "my heirs at law by blood" was held a sufficient provision for an after-born son to prevent the application of the New York statute. ***Minot v. Minot***, 17 A.D. 521, 527-28, 45 N.Y.S. 554 (1897). The Supreme Court of Wisconsin held that a gift of a contingent remainder in one-third of his estate to his wife's "heir" was either provision for the child sufficient to avoid the application of the Wisconsin statute or else a clear

demonstration on the face of the will that the testator intended to make no provision for her. *Verrinder v. Winter*, 98 Wis. 287, 73 N.W.1007, 1008 (1898).

In *Leatherwood v. Meisch*, 297 Ark. 91, 759 S.W.2d 559 (1988), the will provided, in relevant part, that if the testator's widow did not survive him, the entire estate would be divided into two shares, "one of which shall be distributed to those persons who would constitute my heirs at law . . . ." *Id*., 297 Ark. at 92, 759 S.W.2d at 560. The Arkansas Supreme Court held that this was sufficient mention of and provision for an otherwise unnamed child but who came within the class. *Id*., 297 Ark. at 92-93, 759 S.W.2d at 560-61. A similar result was obtained in *Taylor v. Cammack*, 209 Ark. 983, 193 S.W. 2d 323 (1946), wherein the court held that a devise to his "wife and heirs" was a mention of, and provision for, his two children competent to avoid the application of the Arkansas statute. *Id*., 209 Ark. at 985, 193 S.W.2d at 324-25. A remainder to his "heirs" contingent on his widow's remarriage was held a sufficient provision for an after-born daughter in *McCourtney v. Mathes*, 47 Mo. 533, 537 (1871). In *Reeves v. Hagler*, 101 Tenn. 712, 50 S.W. 760 (1898), the testatrix directed that the property go to her husband if he survived her, otherwise to her "bodily heirs." The Supreme Court of Tennessee was of the opinion that this language was sufficient to show her intent to disinherit her children if her husband survived her and to provide for them all equally if he did not. Therefore, the Tennessee pretermission statute did not apply. *Id*., 101 Tenn. at 716-17, 50 S.W. at 761.

The Supreme Judicial Court of Massachusetts held that a reversion to the testator's "heirs at law by blood" was a sufficient reference to the after-born child to prevent the child from obtaining an intestate share under the Massachusetts pretermission statute. *In re Minot*, 164 Mass. 38, 40, 41 N.E. 63, 63 (1895).

A testator's gift to other classes, such as "descendants "and "issue," ordinarily avoids the application of pretermission statutes. *See Petty v. Chaney*, 281 Ark. 72, 72, 661 S.W.2d 373, 374 (1983) (provision for wife and descendants); *In the Matter of the Estate of Josephine Donaldson, deceased*, 1 N.Y.S. 2d 371, 372 (1938) ("If my husband die before me . . . all my property unto my issue me surviving"); *In the Matter of the Last Will and Testament of Raymond Burr Jones*, 234 N.Y.S. 316 , 319-20 (1929), ("to my widow, or if I shall leave no widow, to my descendants living at my death").

And finally, in *Holbrook v. Holbrook*, 230 N.Y. 600, 130 N.E. 909 (1921) (order), the testator gave his entire estate to his wife if she survived him, but if she did not, "to my said

issue." A divided court, Justices Cardozo and Pound voting with the majority, held the posthumous child of the testator, not otherwise mentioned in the will, was both mentioned and provided for. *Id*., 230 N.Y. at 600, 130 N.E. at 909.

The decisions of other jurisdictions are not entirely harmonious. But it appears that the majority rule is, and the better reasoned decisions hold, that a testamentary provision for a class such as "heirs," "heirs at law," or "issue" is a provision for those within the designated class. The rule is entirely consistent with the few Texas cases addressing the subject. That position is also, in our opinion, the more modern view and one most likely to comport with the will of the testator, a paramount consideration in will construction.

The application of the statute effects a pro tanto revocation of the will in order to provide an intestate share for the pretermitted claimant. There is an understandable judicial reluctance to so frustrate the expressed will of the testator. A provision in the will applicable to children that might be born in the future should "be sufficient to show that the testator was not unmindful that such children might come into existence." LEOPOLD & BEYER, *supra* § 34.16, at 41.

### EFFECT OF THE "HEIRS-AT-LAW" CONTINGENCY

There is no question that both Hodges and Warren are "heirs-at-law" of Kevin Ray Bailey. Warren's initial pleading states that Christian and an unknown son (Hodges) are Kevin Ray Bailey's heirs at law. If the testator's wife had predeceased the testator, Hodges concedes that he would have taken under the will as an heir at law. There no longer exists any statutory provision preventing nonmarital children from inheriting from their father. That neither Hodges nor Christian were born of a lawful marriage would not affect their legal status as Kevin Ray Bailey's heirs at law.

Hodges, born thirteen years before Bailey executed his will, is not a pretermitted child. Therefore, he is not entitled to invoke the Texas pretermission statute. He may not seek a partial revocation of the will to obtain an intestate share of Bailey's estate.

Christian, on the other hand, is indisputably an after-born or pretermitted child. But, under the statute, he may succeed to an intestate share in his father's estate only if he is not mentioned or provided for in the will or "otherwise provided for by the testator. *See* TEX. PROB. CODE ANN. § 67(a). Although pretermitted, Christian is also a member of a class, "heirs-at-law," designated by Bailey to receive his entire estate if his wife predeceased him. Our review of the

10

case law from Texas and other jurisdictions leads us to the conclusion that Bailey's direction in his will that his estate go to his "heirs at law" if his wife failed to survive him constituted a provision in the will for Christian. Consequently, Christian is also barred from succeeding to an intestate share in Bailey's estate. *See id.*

However, even assuming the provision for "my heirs-at-law" is not a provision for the after-born or pretermitted child, the result is the same. Hodges was living when his father executed his will. Bailey was unquestionably aware that Hodges was his son and potential heir. Bailey had undergone genetic testing three years before he made his will. The test results showed that he was Hodges's father. After he learned the results of the test, Bailey provided informal support for Hodges and established a social relationship with him. Under the circumstances, it strains credulity to believe that when he included the contingent provision in his will three years after the test, he was unaware that Hodges was his son and potentially his heir. Bailey plainly provided for Hodges in his will by directing that, if his wife predeceased him, all his property should go to his heirs at law.

Since Bailey provided for a child living when the will was made, the share of the pretermitted child is limited to the disposition to children under the will. *See* TEX. PROB. CODE ANN. § 67(a)(1)(B)(i). The contingency upon which any disposition to "my heirs-at-law" depended, the prior death of his wife, did not come to pass. Therefore, Hodges is entitled to no disposition from the estate. Christian is limited to an equal share in the disposition made to Hodges in the will. *See* TEX. PROB. CODE ANN. § 67(a)(1)(B)(i). Since Hodges receives nothing, Christian receives nothing, even if we assume that he was unmentioned and unprovided for in the will.

Furthermore, if Hodges and Christian were the children of a lawful marriage, the result would be no different. If his wife had not survived him, his children, whether marital or nonmarital, would have taken under the will. It is the will, not the statute, that denies Christian and Hodges his estate if Bailey's wife survived him. There is no equal protection issue present in this case.

Kevin Ray Bailey left his entire estate to his wife if she survived him. Otherwise, it was to go to his heirs at law. This very ordinary disposition of his property therefore contained a contingent provision for the members of the class, heirs at law, that included Hodges and Christian. But Kevin Ray Bailey's wife did survive him. The contingency upon which their

11

legacy depended did not occur. Therefore, the surviving wife is entitled to Kevin Ray Bailey's estate as his will directs.

## CONCLUSION

Applying the appropriate standard of review, we conclude that Beth Carroll Bailey, independent executrix of the estate of Kevin Ray Bailey, established that no genuine issue of material fact existed and that she was entitled to summary judgment as a matter of law. Neither Lisa Kay Warren or Keith Lee Bailey Hodges showed otherwise, nor did they establish their own entitlement to summary judgment as a matter of law. The trial court's judgment is *reversed* and judgment *rendered* that Warren's and Hodges's summary judgment motions are *denied*, Bailey's summary judgment motion is *granted*, and that Beth Carroll Bailey is entitled to the entirety of the estate of Kevin Ray Bailey.

**BILL BASS**
Justice

Opinion delivered July 1, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)