[925 NYS2d 567]

In the Matter of Roy GILMORE, SR., Deceased. ANDREA HOFLER et al., Nonparty Appellants; ANGELA MANNING et al., Respondents.

Second Department, June 14, 2011

### APPEARANCES OF COUNSEL

*Frances M. DeCaro*, Bronx, for Malverick Hofler, nonparty appellant.

*Oshrie Zak*, New York City, for Andrea Hofler, nonparty appellant.

*Vishnick McGovern Milizio, LLP*, Lake Success (*Bernard Vishnick* and *Avroham Gefen* of counsel), for Angela Manning, respondent.

*Bee Ready Fishbein Hatter & Donovan, LLP*, Mineola (*Donald J. Farinacci* of counsel), for Carol Bonita Gilmore and others, respondents.

### OPINION OF THE COURT

LEVENTHAL, J.

A parent in New York State is under no obligation to leave any part of his or her estate to his or her children (*see McLean v McLean*, 207 NY 365 [1913]).[1] However, to address situations where a child is inadvertently left out of a parent's will because such child was born after the will's execution, the Legislature enacted EPTL 5-3.2. In this appeal, the petitioners Andrea Hofler and Malverick Hofler (hereinafter together the movants), who are nonparties in this probate proceeding, contend that they are the nonmarital, biological children of the deceased

---

1. Louisiana is the only state that protects children from even intentional disinheritance by way of forced heirship (*see* LA Const, art XII, § 5, as amended by Acts 1995, No. 1321 [amending State Constitution to limit forced heirship to children who are 23 years old or younger or are otherwise incapacitated]; Restatement [Third] of Property: Wills and Other Donative Transfers § 9.6, Reporter's Note at 272; *see also* Nathan, *Forced Heirship: The Unheralded "New" Disinherison Rules*, 74 Tul L Rev 1027 [2000]).

testator. They further contend that the testator only learned of their existence after he had executed his final will, and shortly before his death. On this appeal, we consider whether the Surrogate's Court properly determined that the biological children of a testator, born prior to the execution of a final will, are not entitled to be treated as adopted children under the case-law-created exception to EPTL 5-3.2.

In June 1996, Roy Gilmore, the decedent, executed a last will. On January 13, 2007, the decedent died. Thereafter, Angela Manning, one of the decedent's children, as executor of the decedent's estate, offered the will for probate.

In a verified petition dated February 11, 2008, the movants asserted that they were born prior to the execution of the decedent's will and that the decedent did not know that they were his biological children. They alleged that, approximately 10 years after he executed his will, the decedent underwent DNA testing which revealed that he was their father. The movants further argued that the law and logic supported their application to be granted the rights of after-born children.

By notice of motion dated February 12, 2008, the movants, asserting that they were the decedent's nonmarital children, jointly moved, in effect, for summary judgment determining that they "are to be treated as afterborn children of the decedent pursuant to EPTL 5-3.2." In an affirmation, counsel for the movants noted that, although the decedent was survived by 11 children, his will left his entire estate to Manning. According to counsel, although the movants were born prior to the execution of the decedent's will, the decedent did not know that the movants were his biological children until after the subject will was executed in 1996.

In support of their motion, the movants submitted an affidavit from Mary Jane Martin, the decedent's sister. Martin averred that the decedent acknowledged in January or February 2006 that he had recently learned that the movants were his children. Martin added that in December 2006, the decedent had introduced the movants to her "as his two children, whom he had recently learned of."

In opposition, Manning acknowledged that the purpose of EPTL 5-3.2 was to guard against inadvertent or unintentional disinheritance. However, she argued that the recent amendments to that statute did not support the movants' contentions inasmuch as the Legislature chose to limit the definition of after-born children to just that, children born after the execution of a will.

In their reply papers, the movants reiterated their prior contentions that the term after-born, as employed by EPTL 5-3.2, can include children born prior to the execution of a will, but who are only established as children of a testator after the execution of a will, such as after-adopted children. The movants noted that a child adopted after the execution of a will, but born prior to the will's execution, is considered an after-born child under the pertinent case law.

In an order dated December 23, 2009, the Surrogate's Court found that the movants were not entitled to any rights under EPTL 5-3.2 (2009 NY Slip Op 33257[U] [2009]). The court noted that "the parties ha[d] consented to have the motion submitted assuming the truth of the movant[s'] allegations for a determination of whether as a matter of law those allegations state a cause of action entitling the claimants to after-born status" (*id.* at *1). The Surrogate's Court acknowledged that a child is generally entitled to after-born rights only if born after the execution of a will. The Surrogate's Court further acknowledged that the only exception to that rule is for a child adopted after the execution of a will, even if born prior to its execution. With respect to EPTL 5-3.2, the Surrogate's Court stated that it was "not at liberty to conjecture about, add to or subtract from words having a definite and plain meaning," as such conduct would constitute "trespasses by a court upon the legislative domain" (*id.* at *3). The movants appeal.

A review of nisi prius decisions is instructive. In *Matter of Wilkins* (180 Misc 2d 568 [1999]), the Surrogate's Court, New York County, was presented with a matter wherein the deceased testator's nonmarital son, Michael, sought to inherit as a child born after the execution of the decedent's will. In *Wilkins*, the decedent's will was executed in 1965, Michael was born in 1969, and the decedent died in 1988. At a hearing on the issue of paternity, the decedent's friend testified that the decedent often referred to Michael as his son, and Michael's mother testified that the decedent was aware that Michael was his son prior to Michael's birth. The Surrogate's Court determined that Michael was the decedent's son and that the decedent openly acknowledged his paternity for the purposes of EPTL 4-1.2. Construing a prior version of EPTL 5-3.2, the Surrogate's Court found that the term after-born included a nonmarital child. The instant case, however, is distinguishable from *Wilkins* because the movants were born prior to the execution of the subject will, whereas the child in *Wilkins* was born after the execution of that will.

In *Matter of Walsh* (NYLJ, May 13, 1998, at 31, col 6), a matter before the Surrogate's Court, Nassau County, the petitioner alleged that she was the nonmarital daughter of the decedent testator. The petitioner sought, inter alia, a declaration that she was entitled to inherit under the decedent's estate as if she was an after-born child pursuant to EPTL 5-3.2. The petitioner was born in 1964, the subject will was executed in 1984, and the decedent died in 1995. According to the petitioner, as a youth, her mother took her to see the decedent several times. In addition, the decedent was alleged to have visited the petitioner at school at least once, and had given her two cash gifts in 1991 to buy a home. Allegedly, the decedent also told various people throughout the petitioner's youth that she was the decedent's daughter. The petitioner sought to be classified as a nonmarital child pursuant to EPTL 4-1.2.

However, the Surrogate's Court found that "even assuming that Petitioner [was] in fact the non-marital child of decedent, petitioner cannot, as a matter of law, establish herself as an after born child under EPTL Sec. 5-3.2" (*id.*). Noting that the case was one of first impression, the Surrogate's Court stated the legislative intent of EPTL 5-3.2 and 4-1.2

> "might allow a non-marital child born and acknowledged as the child of decedent after the execution of a will to be treated as an after born child. In the case at bar, however, petitioner was born before decedent's 1984 will was executed and she alleges that he was aware that he was her father prior to the will's execution" (*id.*).

Furthermore, the court stated, *"had petitioner been born after the execution of dec[e]dent's 1984 will, or perhaps even if dec[e]dent was unaware of petitioner's existence until after the execution of the will, she may have had a valid claim under Sec. 5-3.2 and Sec. 4-1.2"* (*id.* [emphasis added]).

Relying upon the above-quoted language from *Walsh*, the movants contend that it is permissible for an "after-known" child to be treated as an after-born child. The movants concede that they are not, strictly speaking, "after-born" children as defined in EPTL 5-3.2, but they argue that because they were not known to the decedent, they are "after-knowns" and should be treated in the same manner as adopted children. The movants also cite to *Bourne v Dorney* (184 App Div 476 [1918], *affd* 227 NY 641 [1919]). In *Bourne*, this Court considered the question of whether a child adopted by a testator subsequent to the

making of his last will was an after-born child within the meaning of former Decedent Estate Law § 26 (the predecessor statute to EPTL 5-3.2). Section 26 of the Decedent Estate Law provided that where a child was born to a testator after the making of a will and the testator died leaving such child unprovided for and unmentioned in the will, that child will succeed to such part of the testator's estate as he would take if the parent died intestate. The testator in *Bourne* executed his will in 1886, and in 1897, the testator and his wife adopted the petitioner, who was born in 1892. As a result, the child was unprovided for in the will. Notwithstanding the fact that the operative statute required a child to be born of the testator in order to inherit, the Surrogate's Court found that the adopted child was born of the testator at the time of the adoption and, thus, eligible to inherit from the testator.

As a result of the decision in *Bourne*, children adopted in this state are considered born to a testator at the time of the adoption for the purposes of EPTL 5-3.2 (*see* Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-3.2, at 278). The movants essentially seek the creation of an additional exception to the general rule that after-born children are limited to children born after the execution of a will. On appeal, the movants argue that EPTL 5-3.2 can be reasonably interpreted to protect so-called "after-known" children and that they should, therefore, be entitled to inherit as after-born children. The movants maintain that since an after-adopted child, born before the execution of a will, can inherit pursuant to EPTL 5-3.2, then so should they. They argue that the Court should interpret EPTL 5-3.2 to give effect to the intent of the Legislature, which, in this case, could not have been to preclude biological children discovered after the execution of a will from sharing in the decedent's estate while also allowing children adopted after the execution of a will to share in the decedent's estate.

The narrow issue presented for our review is whether the biological children of a testator,[2] born prior to the execution of a final will, are entitled to be treated as adopted children under

---

2. On this appeal, the issue has been framed in such a way that the Surrogate's Court decided the motion assuming that the movants had established paternity pursuant to EPTL 4-1.2, commonly referred to as the "paternity statute" (Cooper, *Posthumous Paternity Testing: A Proposal to Amend EPTL 4-1.2 [a] [2] [D]*, 69 Alb L Rev 947, 948 [2006]). Thus, for the purposes of this appeal, we also assume that the movants have established paternity.

the case-law-created exception to EPTL 5-3.2. We answer this question in the negative.

When presented with a question of statutory interpretation, the Court's primary consideration "is to ascertain and give effect to the intention of the Legislature" (*Riley v County of Broome*, 95 NY2d 455, 463 [2000] [internal quotation marks omitted]). "The statutory text is the clearest indicator of legislative intent and courts should construe unambiguous language to give effect to its plain meaning" (*Matter of DaimlerChrysler Corp. v Spitzer*, 7 NY3d 653, 660 [2006]; *see Matter of Tompkins County Support Collection Unit v Chamberlin*, 99 NY2d 328, 335 [2003]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]).

EPTL 5-3.2, entitled "Revocatory effect of birth of child after execution of will," by its terms, only applies to after-born children who are unprovided for and unmentioned in a will (*see In re Feuermann's Will*, 47 NYS2d 738 [Sur Ct, Westchester County 1944] [holding, under a prior version of EPTL 5-3.2, that where a child was born even within a few days after execution of a will, and was in gestation during the will's execution, such child can inherit as an after-born child]). As discussed below, in certain situations, EPTL 5-3.2 can result in an after-born child inheriting from a testator as if the testator had died intestate (*see* EPTL 5-3.2 [a] [2]). In that regard, it has been observed that "by effectively nullifying the will to the extent required to give the child his intestate share, the statute stands as a striking exception to the law's strong disposition to avoid intestacy whenever possible" (*Matter of Wilkins*, 180 Misc 2d 568, 571 [1999]; *see Matter of Bieley*, 91 NY2d 520, 525 [1998] [referring to well-established axiom of testamentary construction that the testator is presumed to have intended to dispose of the whole estate by will, and did not intend intestacy as to any part of it]). Particularly relevant here is the statutory definition of the term "after-born" child.

EPTL 5-3.2 (a) states as follows:

> "Whenever a testator has a child born after the execution of a last will, and dies leaving the after-born child unprovided for by any settlement, and neither provided for nor in any way mentioned in the will, every such child shall succeed to a portion of the testator's estate as herein provided."

Further, EPTL 5-3.2 (b) defines an after-born child as "a child

of the testator born during the testator's lifetime or in gestation at the time of the testator's death and born thereafter." The manner in which, and whether, an after-born child succeeds to a parent's estate is contingent upon several factors. For example, if a testator had one or more children living when he or she executed a last will and no provision was made therein for any such child, an after-born child is not entitled to share in the testator's estate (see EPTL 5-3.2 [a] [1] [A]). If a testator had one or more children living when he or she executed a last will and a provision was made therein for one or more of such children, an after-born child is entitled to share in the testator's estate as limited to the disposition made to children under the will (see EPTL 5-3.2 [a] [1] [B]). For example, where, as here, a testator executes a last will when two or more of his children are alive and only leaves a disposition for one of those children (child A), and another child is born after the execution of the will (child B), the after-born child, child B, would be entitled to an equal share of the testamentary disposition to child A (id.). Further, to the extent that it is feasible, the interest of the after-born child in the testator's estate shall be of the same character as the interest which the testator conferred upon his children under the will (see EPTL 5-3.2 [a] [1] [B] [i]-[iv]). Lastly, if a testator had no child living when he or she executed a last will, the after-born child succeeds to the portion of the testator's estate as would have passed to such child had the testator died intestate (see EPTL 5-3.2 [a] [2]).

Applying the plain meaning of EPTL 5-3.2, the movants cannot be considered after-born children of the decedent because they were not "born after the execution of a last will" (EPTL 5-3.2 [a]; see 5-3.2 [b]). If the movants' arguments were to be accepted, the result would be that children born of a testator prior to the execution of a will, but unknown to such testator, could be entitled to be treated as an after-born child. This would lead to a result that would be contrary to the plain meaning of EPTL 5-3.2. " '[A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact' " (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 394 [1995], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363).

Assuming, as the movants contend, that EPTL 5-3.2 does not unambiguously preclude their contentions, a brief review of the legislative history of that statute with respect to the issue presented here is illuminative. Notably, nothing contained therein

supports the movants' assertions. "[EPTL 5-3.2's] earliest forerunner, practically word for word identical, was enacted in 1830" (*Matter of Faber*, 305 NY 200, 203 [1953] [referring to former section 26 of the Decedent Estate Law]). The purpose of former Decedent Estate Law § 26 was "to guard against inadvertent or unintentional disinheritance" (*Matter of Faber*, 305 NY at 203 [internal quotation marks omitted]). In 2006, EPTL 5-3.2 was amended (L 2006, ch 249) to provide that an after-born child only includes a child born during the decedent's lifetime or at the time of his or her death. The memorandum in support of that amendment (*see* Assembly Mem in Support, Bill Jacket, L 2006, ch 249, at 5) explained that developments in reproductive technology had made it possible that a child could be conceived long after a testator's death, whom the testator did not know or anticipate, and unfairly lessen the inheritance due to the children born during the testator's lifetime (*see also* Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 5-3.2, 2011 Pocket Part, at 64). EPTL 5-3.2 was most recently amended in 2007 (L 2007, ch 423) to add the provision in subdivision (b) which specifies that a nonmarital child, born after the execution of a will, is considered an after-born of the child's father when paternity is established pursuant to EPTL 4-1.2 (*see* Senate Introducer Mem in Support, Bill Jacket, L 2007, ch 423, at 6).

In view of the foregoing, there is no indication that the Legislature intended that nonmarital children, born prior to the execution of a will, are to be considered after-born children pursuant to EPTL 5-3.2 and, thus, are entitled to succeed to a portion of a testator's estate. A contrary holding would promote uncertainty in identifying persons interested in an estate and finality in its distribution, which are critical to the public interest in the orderly administration of estates.[3] The movants' reliance upon the *Walsh* decision (NYLJ, May 13, 1998, at 31, col 6) is misplaced. The specific language in *Walsh* upon which the movants rely is merely dicta, as the facts before the Surrogate in that case demonstrated that the decedent was aware of the petitioner when that will was executed. Moreover, *Walsh* was decided prior to the 2007 amendment to EPTL 5-3.2 which specifically afforded nonmarital, after-born children the same rights as marital after-born children.

---

3. If an after-born child has not asserted a claim in the Surrogate's Court during the pendency of the estate administration, EPTL 5-3.4 provides that such a claim can be raised in the Supreme Court. The after-born child can then seek reimbursement from the beneficiaries.

As Manning correctly contends, there is a significant difference between adopted children and so-called after-known children. Adopted children do not become the children of a person until after the adoption. On the other hand, after-known children are children of a person at the time of their birth. Further, by adopting a child, a parent makes an affirmative decision to incur legal obligations that are triggered by an adoption. By contrast, a child's birth prior to the execution of a will, and a testator's subsequent discovery of said child, involves no affirmative act. Here, the decedent's conduct prior to the execution of his will included activities which could have, and ostensibly did, result in the birth of nonmarital children. Thereafter, he executed a will which made no disposition to any unknown children that he may have fathered. This failure to address any potential offspring can be considered as an intent to preclude succession to the same.

In support of her contentions, Manning also cites to two somewhat similar court decisions from other jurisdictions in which analogous after-born statutes were construed (*see Lanier v Rains*, 229 SW3d 656, 667 [Tenn Sup Ct 2007] [declining to treat "after-acknowledged" children in the same manner as "after-adopted" children where petitioner was born out-of-wedlock, prior to execution of testator's will, despite claim that petitioner should be treated as after-born child because she was not known to testator until after execution of the will]; *Moyer v Walker*, 771 SW2d 363 [Mo Ct App SD, Div 1 1989] [rejecting petitioner's contention that he should be treated as after-born child, where petitioner was born out of wedlock prior to execution of testator's will, because he was not known to testator until after execution of will]). However, as the movants correctly note, those matters are distinguishable inasmuch as there was evidence suggesting that the testators in those cases might have known of the children at the time of the execution of their respective wills. On the other hand, the case of *Bailey v Warren* (319 SW3d 185 [Tx Ct App 2010]), which interpreted a Texas statute similar to EPTL 5-3.2, is analogous. In *Bailey*, the petitioner was deemed not to be an after-born child of the decedent pursuant to Texas Probate Code Annotated § 67 (c)[4] and, therefore, was not entitled to an intestate share of the

---

**4.** Texas Probate Code Annotated § 67 provides that if a testator has a child or children at the time the testator makes a will and, upon the testator's death, leaves a child or children born or adopted after the making of the will

decedent's estate, because he was born 12 years before the decedent executed his will.

We acknowledge that the movants' position is somewhat sympathetic considering that adopted children, even those born prior to the execution of a will, are considered after-born children pursuant to case law. Our review of the statutes of our sister states has revealed that in California, the Legislature has enacted a statute which could have afforded the movants an opportunity to demonstrate that the sole reason the decedent did not provide for them in his will was because he was unaware of their birth. Pursuant to the California Probate Code, if a child can prove that a decedent failed to provide for him or her in a testamentary instrument "solely because . . . [the testator] was unaware of [his or her birth]," such a child may inherit from the decedent's estate as if the decedent had died intestate (Cal Probate Code § 21622 [entitled "Decedent's erroneous belief or lack of knowledge; child's share of estate"]).[5] This plainly demonstrates that if so-called after-known children are to inherit in New York in the same manner as after-born children to prevent an inadvertent disinheritance, such an intent must be expressed by the Legislature and not the courts.

Accordingly, the order is affirmed.

RIVERA, J.P., HALL and ROMAN, JJ., concur.

Ordered that the order is affirmed, with one bill of costs.

---

and not provided for in the will, the after-born or after-adopted children, unless provided for by settlement, succeed to the same portion of the testator's estate as they would have been entitled to if the testator had died intestate (eff until Jan. 1, 2014).

5. Moreover, unlike New York, several states (*see e.g.* Ala Code § 43-8-91; Conn Gen Stat § 45a-257b [c]; Idaho Code Ann § 15-2-302 [b]; Me Rev Stat Ann tit 18-A, § 2-302 [b]; Mo Rev Stat § 474.240 [2]; Neb Rev Stat § 30-2321 [b]; NJ Stat Ann § 3B:5-16 [c]; SC Code Ann § 62-2-302), including California (*see* Cal Probate Code § 21622), have enacted statutes providing that a child can inherit from a decedent as if the decedent died intestate, if that child can prove that he or she was not provided for in the will solely because the decedent believed that the child was dead (*see* Restatement [Third] of Property: Wills and Other Donative Transfers § 9.6, Reporter's Note at 261-267).